UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baxter Healthcare Corporation, et al., | No. C 07-1359 PJH  (JL) |
| Plaintiffs, | |
| v. | **ORDER DENYING FURTHER DEPOSITION** |
| Fresenius Medical Care Holding, Inc., | **(Docket # 116)** |
| Defendants. | |

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §636(b) and Civil Local Rule 72. The parties met and conferred, but were unable to resolve this discovery dispute. Plaintiff moves for leave to continue the deposition of Dr. Martin Roberts, an 87-year-old non-party witness, who was deposed for five hours on August 13, 2007. Defendant opposes the motion. This Court finds this matter suitable for decision without oral argument as provided by Civil Local Rule 7-1(b). The Court considered the parties' Joint Statement, filed October 29, and hereby denies the motion.

Dr. Martin Roberts is an expert in the field of peritoneal dialysis, the area of the patented device at issue in this lawsuit, and a consulting expert for Defendants. During the course of his deposition, he denied that he had done any consulting work for Plaintiff, which he recanted afterwards, by submitting an erratum in which he admitted consulting for

1  Baxter between 1999-2002, work he described as informal reporting services provided to
2  Baxter employees, nearly two decades after his work on the prior art peritoneal dialysis
3  system. Plaintiffs now want to question him in person on the subject of his work and
4  communications with Baxter and the documents produced after his deposition. Defendants
5  offer to permit further deposition by written questions, but Plaintiffs reject that option.

6        Plaintiffs' main contention that Defendants allegedly violated Civil Local Rule 30-1 by
7  noticing Dr. Roberts' deposition without first meeting and conferring with Plaintiffs' counsel.
8  Defendants notified Plaintiffs on July 30, 2007, of the deposition to proceed on August 13,
9  2007.

10        Plaintiffs admittedly failed to calendar the deposition, although they allege that
11  Defendants failed to confer with them as to the date. They admit that they were served with
12  notice on July 30, but complain that defense counsel only called them minutes before the
13  deposition was due to start. (Joint Statement at 1) Plaintiffs contend they had "no idea" the
14  deposition was proceeding on the noticed date. This is inconsistent with their admission
15  that Defendants served notice on July 30, two weeks prior to the date of the deposition.

16        Defendants claim they accommodated Plaintiffs as best they could in that they (1)
17  postponed the deposition for four hours to enable Plaintiffs' counsel to appear; (2) provided
18  a telephonic and LiveNote connection for Plaintiffs; (3) identified every exhibit that would be
19  used in the deposition in advance so that Plaintiffs could prepare an effective cross-
20  examination; (4) sent Plaintiffs color scans of the few exhibits Dr. Roberts created during
21  his direct examination so that he could be cross-examined on them; (5) offered Dr. Roberts
22  for a second day so that Plaintiffs could either send a lawyer from Baxter's counsel's Los
23  Angeles office or fly someone out and finish the questioning in person; and (6) allowed the
24  deposition to run until after 6 p.m. (Dr. Roberts arrived for his deposition at 8:00 a.m.),
25  when Plaintiffs chose to forego a second deposition day. (Joint Statement at 4). Total
26  deposition duration was from approximately 1:00 p.m. to 6:00 p.m.

27        Plaintiffs' claim that they did not know Dr. Roberts was a consultant for Baxter is not
28  credible given his appearance on their initial disclosures. Plaintiffs had more than enough

1 notice, by their own admission, to contact defense counsel if the deposition arrangements
2 were inconvenient. The procedural misfeasance of Defendants with respect to Civil Local
3 Rule 30-1 is mitigated by their accommodations to Plaintiffs and on balance does not
4 outweigh Plaintiffs' own failure to act and the potential inconvenience of a repeat deposition
5 to an elderly witness. The Court finds that Plaintiffs fail to justify a "second bite of the
6 apple." The motion to compel further deposition is denied.

IT IS SO ORDERED.

DATED: November 6, 2007

_____/s/_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\order-deny-depo.wpd

**United States District Court**
For the Northern District of California

C-07-1359 DISCOVERY ORDER                                        Page 3 of 3