# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BAXTER HEALTHCARE CORPORATION and DEKA PRODUCTS LIMITED PARTNERSHIP,<br><br>*Plaintiffs and Counter-defendants*,<br><br>vs.<br><br>FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA and FRESENIUS USA, INC.,<br><br>*Defendants and Counter-claimants*. | Case No. C 07-01359 PJH (JL)<br><br>**CORRECTED [P~~ROPO~~SED] FIRST AMENDMENT TO PROTECTIVE ORDER** |

GOOD CAUSE HAVING BEEN SHOWN, the Court hereby ORDERS that Section 7.6 of the Protective Order be amended as follows:

**7.6 Source Code**: To the extent any party produces computer source code that it in good faith believes should be subject to rules governing its dissemination that are stricter than the provisions of this Protective Order for the handling of Highly Confidential – Attorneys' Eyes Only information, that source code shall be treated as follows:

Any such material shall be produced on electronic media bearing the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Access to such material

shall be subject to additional protections given the particularly sensitive nature of the information and shall be limited to outside counsel for the receiving parties and to experts disclosed pursuant to Section 7.4.

The copying of media bearing the designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be strictly limited. Electronic media produced by Plaintiffs shall be copied to no more than four (4) of Defendants' non-networked, stand-alone laptop or desktop computers; electronic media produced by Defendants shall be copied to no more than three (3) of Plaintiff Baxter's non-networked, stand-alone laptop, or desktop computers and to no more than three (3) of Plaintiff DEKA's non-networked, stand-alone laptop, or desktop computers. Access to the computers shall be restricted by password protection to avoid access by unauthorized individuals. The password shall be disclosed only to those individuals authorized to have access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information. The stand-alone computers shall be kept in a secure location that remains locked when not in regular use. The source code shall not be copied or transmitted to any other computer. Each consultant, expert, or attorney will record on a log every page of source code that has been printed ("printed logs"). All printed pages shall bear the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" designation and shall include, in the footer, both the bates number and the file name from the bates labeled file or disk containing the printed code. To the extent that any party produces pdf, tiff, or other image files of source code that include optical character recognition information, such files will be maintained and handled in accordance with the provisions of this Paragraph.

The password-protected computers shall be maintained by recipient Fish & Richardson P.C. at its Redwood City, Minneapolis, and San Diego offices and at the workplace of one of its technical experts; by recipient Kirkland & Ellis LLP at its Chicago and San Francisco offices and at the workplace of one of its technical experts; by recipient Coblentz, Patch, Duffy & Bass at its San Francisco office; and by recipient Toohey Law Group at its Boston office and at the workplace of one of its technical experts. The computers and any printed code sections (appropriately entered in the printed logs) may be transported to the site of any deposition where testimony relating to the

source code is to be solicited or to the court. Transportation to intermediate locations reasonably necessary to bringing the computers and/or the printed code sections to the deposition site or court (e.g., a hotel prior to deposition) shall be permitted.

Defendants will produce a complete set of source code discs (both retrospectively and prospectively) for use with each computer dedicated to source code review. Specifically, Defendants will produce three sets of code to Kirkland & Ellis LLP's Chicago office and three sets of code to the Toohey Law Group's Boston office. Plaintiffs will produce a complete set of source code discs (both retrospectively and prospectively) for use with each of Defendants' computers dedicated to source code review. Specifically, Plaintiffs will produce four sets of code to Fish & Richardson P.C.'s Minneapolis office.

Access to documents or notes pertaining to source code created by individuals authorized to view "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" information shall be limited to persons entitled to access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" material. Any such documents or notes may reasonably discuss, refer to, and/or reproduce minor portions of the source code but shall not substantially or unreasonably copy or reproduce the source code either in whole or in part.

No source code or documents describing it shall be lodged or filed with the Court except under seal and referencing this Protective Order. Any such motion to seal must comply with the requirements of Civil L.R. 79-5 and with this Court's Standing Order for Cases Involving Sealed or Confidential Documents. If required in connection with any motion or other proceedings, an additional stand-alone computer containing the source code may be used in a closed courtroom or in chambers.

At the end of the case, any entity receiving source code will certify that: (a) all external media, print-outs, and copies containing source code have been destroyed, with the exception of exhibits that were attached to filed (sealed) pleadings or admitted into evidence; (b) the hard drives of the non-networked computer has been reformatted; and (c) the print logs have been archived along with counsel' s other records from this litigation. Other than set forth in this subparagraph, counsel may not maintain a file copy of source code material.

1    Nothing in this Order shall obligate the parties to produce any particular portion of source
2    code and this Order is not an admission that any particular portion of source code is discoverable.

IT IS SO ORDERED

DATED: 2/15/08   _____

