1  David K. Callahan, P.C. (IL 620227)
   dcallahan@kirkland.com
2  KIRKLAND & ELLIS LLP
   200 East Randolph Drive
3  Chicago, Illinois 60601
   Telephone: 312-861-2000
4  Facsimile: 312-861-2200

5  *Attorney For Plaintiffs and Counter-defendants*
   *BAXTER HEALTHCARE CORPORATION,*
6  *BAXTER INTERNATIONAL INC., and*
   *BAXTER HEALTHCARE SA*
7
   Maureen K. Toohey  (SBN 196401)
8  mtoohey@tooheylaw.com
   TOOHEY LAW GROUP LLC
9  225 Franklin Street, 16th Floor
   Boston, Massachusetts 02110
10 Telephone:  617-748-5511
   Facsimile:  617-748-5555
11
   *Attorney for Plaintiff and Counter-defendant*
12 *DEKA PRODUCTS LIMITED PARTNERSHIP*

13 Juanita R. Brooks (SBN 75934)
   brooks@fr.com
14 FISH & RICHARDSON P.C.
   12390 El Camino Real
15 San Diego, CA 92130
   Telephone:  858 678-5070
16 Facsimile:  858 678-5099

17 *Attorney for Defendants and Counter-claimants*
   *FRESENIUS MEDICAL CARE HOLDINGS,*
   *INC. AND FRESENIUS USA, INC.*
18

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BAXTER HEALTHCARE CORPORATION, BAXTER INTERNATIONAL INC., BAXTER HEALTHCARE SA, and DEKA PRODUCTS LIMITED PARTNERSHIP, | Case No. C 07-01359 PJH (JL) <br><br> **"DISCOVERY MATTER"** |
| *Plaintiffs and Counter-defendants*, | **JOINT STATEMENT REGARDING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF A COMPLETE PRIVILEGE LOG** |
| vs. | |
| FRESENIUS MEDICAL CARE HOLDINGS, INC., d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, and FRESENIUS USA, INC., | Judge:     Hon. James Larson <br> Location:  Courtroom F, 15th Floor |
| *Defendants and Counter-claimants.* | |

## PLAINTIFFS' STATEMENT

Despite this Court's Order at the February 8, 2008, Order to Show Cause hearing that—*by no later than February 20, 2008*—Defendants provide a complete privilege log properly identifying those email documents withheld as either privileged or subject to work-product protection, Defendants repeatedly have refused to adequately support their claims of privilege, providing only a schedule that fails to meet the minimum requirements necessary to enable either Plaintiffs or this Court to assess all of the claims of privilege.  Defendants' disregard of this Court's Order and their refusal to meet the burden of establishing privilege and/or work-product immunity for all documents withheld warrants this Court ordering Defendants to promptly produce a fulsome privilege log.

A party asserting a claim of privilege has the burden to provide a *prima facie* showing that the document is privileged.  *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992); *see also* Fed. R. Civ. P. 26(b)(5).  A proper privilege log must contain "at least the following: (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Community Psychiatric Centers Securities Litigation*, No. SA CV91-533AHS(RWRX), 1993 WL 497253, at *4 (C.D. Cal. Sept. 15, 1993).  As one Court described,"[t]he purpose of a privilege log is to enable the opposing party and the Court to evaluate the applicability of the asserted privilege in order to minimize disputes and the need for in camera inspection of documents."  *FMC Corp. v. Trimac Bulk Trans. Serv., Inc.*, No 98 C 5894, 2000 WL 1745179, at *1 (N.D. Ill. Nov. 27, 2000) (also awarding fees for motion).

Defendants' Sixth Log is facially inadequate for two reasons.  *First*, Defendants outright ignore their burden to establish their claims of privilege by refusing to separately log and provide the relevant information for each email asserted as privileged.  Where Defendants logged an "email string" (i.e., several distinct supposedly privileged communications found in a single document) Defendants simply provided, under the "Author(s)" heading, a hodge-podge of names of every person listed in every email in the entire string—without regard to whether they sent,

received or were copied on the email—thereby effectively failing to identify the author and recipient(s) of *any* email in the string. Defendants argue that providing the separate information for each email asserted as privileged would be "grossly burdensome"[1] and force Defendants to "separat[e] complete documents into arbitrary segments" But Plaintiffs ask simply that each allegedly privileged communication be individually logged—not physically separated.

*Second*, entries 584 through 1047 (464 of the 917 total entries) in Defendants' Sixth Supplemental Privilege Log do not identify a single author, recipient, or copyee for these redacted documents. Plaintiffs should not be obligated to complete Defendants' log, or satisfy Defendants' burden, by scouring their production for the missing information. And even if Plaintiffs were so obligated, although the information is in some instances readily available given that some of the redacted documents are emails and memos, in many other instances (e.g., presentations, tables, agendas, budgets, forms, lists, and financial documents) the information is totally absent and known only, if at all, by Defendants.

Nevertheless, even after exchanging no less than eight letters[2] over a two-month period and a meet and confer, on May 2, 2008, Defendants ignored Plaintiffs' requests and provided a "Revised" Log that still fails to (1) specifically identify each email communication asserted as privileged and (2) provide the missing information—demonstrated by entries 584 through 1047.

Plaintiffs' request for the immediate production of a fulsome, complete privilege log is, and has been for the past several months, a reasonable request—especially where case law

---

[1] Defendants rely on two inapposite cases to justify providing sparse logs. In both *In re Imperial Corp. of America*, 174 F.R.D. 475 (S.D. Cal. 1997) and *Schmidt v. Levi Strauss & Co.*, 2007 WL 628660 (N.D. Cal.), unlike here, the claims of privilege or work-product were for communications between the party and their litigation counsel during the course of litigation. Thus, logging these types of communications—not at issue in this Motion—by "category" was deemed sufficient. Moreover, in both *Imperial* and *Schmidt*, the courts recognized, respectively, that the type of log provided and requested by Plaintiffs in this case "should remain, the traditional format" and "is generally preferred." Finally, the *Imperial* case involved "hundreds of thousands, if not millions, of documents." *Compare Imperial*, 174 F.R.D. at 477-79, *with, Northwood Nursing & Convalescent Home, Inc. v. Continental Ins. Co.*, 161 F.R.D. 293, 299 (E.D. Pa. 1995) (logging not unduly burdensome or oppressive for "hundreds" of documents).

[2] Defendants grossly misrepresent a purported willingness to accept Defendants' "offers" to resolve this dispute. Plaintiffs are willing to provide the Court with all of the correspondence on this issue and, specifically, Baxter's *seven page* April 15, 2008, letter that contains the out-of-context, deceptive quote Defendants provide below.

JOINT STATEMENT REGARDING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF A COMPLETE PRIVILEGE LOG       2       Case No. 07-01359 PJH(JL)

1   demonstrates that Defendants' intentional and outright disregard of their burden can and should
2   result in the Court ordering the immediate production of all insufficiently logged but supposedly
3   privileged documents.  *See, e.g.*, *Coleman v. Schwarzenegger*, CIV S-90-0520 LKK JFM P,
4   2007 WL 4328476, at *5 (N.D. Cal. Dec. 6, 2007) (granting motion to compel because the
5   privilege log failed to identify authors and dates and provided conclusory descriptions);
6   *Community Psychiatric Centers*, 1993 WL 497253, at *5 (granting motion to compel production
7   because the log was facially inadequate); *see also Isensee v. HO Sports Co., Inc.*, Civil No. 06-
8   210 ADM/AJB, 2007 WL 1118274, at *3 (D. Minn. April 13, 2007) ("Disclosure [is] an
9   appropriate sanction for continued deficiencies in [defendants'] privilege log.").

10   Because Defendants refuse to provide the most basic information necessary to meet their
11   burden to demonstrate a *prima facie* claim of privilege or work-product protection, Plaintiffs
12   respectfully request that this Court order Defendants to produce a full and accurate privilege log
13   within five days of the issuance of the Court's order, or produce any documents for which they
14   refuse to produce an adequate entry.

## DEFENDANTS' STATEMENT

16   Contrary to Plaintiffs' rhetoric, Defendants have produced a full and accurate privilege
17   log in this case, identifying the information necessary for Plaintiffs to determine the applicability
18   of privilege to each document on that log.  Defendants' supplemental log served on May 2, 2008,
19   identifies the author, recipient(s), copyee(s), date, document description and privilege ground on
20   a ***document-by-document basis***.  The log goes further, identifying each withheld or redacted
21   document by category, which Plaintiffs indicated would be sufficient to address their complaints
22   regarding the log.  Indeed, Plaintiffs did ***not*** raise any further complaints regarding Defendants'
23   log after the May 2nd supplement was served.  Now, more than a month later and without proper
24   notice, Plaintiffs filed this motion to require that Defendants undertake the extremely
25   burdensome task of separating complete documents into arbitrary segments – an exercise that is
26   inconsistent with how these documents are kept in the ordinary course of business and far
27   exceeds what is required to determine the applicability of privilege.  Defendants' privilege log
28   provides all necessary information.  The Court should, therefore, deny Plaintiffs' motion.

Defendants have scoured their files to identify all responsive documents, have produced (and continue to produce) millions of pages of non-privileged documents responsive to Plaintiffs' requests, and have undertaken considerable efforts to identify any responsive, privileged documents on a log. From its inception, Defendants' privilege log has listed on a document-by-document basis all documents as they are kept in the ordinary course of business, including complete email strings. Defendants' log also listed the date of each document, the attorneys included among the author, recipients and copyees of each document, and the privilege basis for withholding the document. *See In Re Grand Jury Investigation*, 974 F.2d at 1071 (log that lists attorney involved, document's nature, all persons who received or sent the document, the date, and the subject matter is sufficient to demonstrate privilege).

Despite the completeness of Defendants' log, Plaintiffs were determined to complain about it. Defendants worked diligently to address Plaintiffs' complaints. To that end, on April 3, Defendants offered to: (1) Re-review all withheld email strings to ensure that no non-privileged portions were withheld; (2) Re-review all withheld documents where recipient and author information is unavailable to ensure privilege; and (3) Prepare a legend of additional descriptions for each withheld and redacted document to supplement the information contained on Defendants' privilege log. Plaintiffs responded that Defendants' offer "is acceptable to Baxter as long as it provides the necessary detail in a manner that is readily understandable."

Defendants did all they offered to do. In the process, Defendants de-designated and produced certain documents found to be non-privileged. Defendants also confirmed that all email strings withheld are privileged in their entirety.[3] In addition, Defendants supplemented their privilege log to provide categorical descriptions, such as "regulatory issues", "agreements", "patents" or "litigation" for each entry on the log. Defendants served their supplemental log on May 2, 2008, and heard nothing more on this subject.

Plaintiffs now complain that Defendants have not done enough and that they are unable

---

[3] Although Baxter has not made a sufficient showing, Defendants are willing to submit email strings listed on Defendants' log for *in camera* review to verify the applicability of privilege asserted by Defendants.

to determine the applicability of privilege to the documents on Defendants' log. Plaintiffs' claims are incredible. By identifying the names of the authors, recipients and copyees (***including attorneys***) on an email string, the date of the email string, a general description of the information contained in the email, the basis for privilege, and the category of advice offered (i.e., litigation, regulatory, etc.) for each document, Defendants have provided more than sufficient information for Plaintiffs or the Court to determine the applicability of privilege. Indeed, whether an attorney is the sender or recipient has no bearing on whether an e-mail is privileged. By doing this on a document-by-document basis, Defendants' log exceeds what the law requires. *See Schmidt v. Levi Stauss & Co.*, 2007 WL 628660 (N.D. Cal.) (Lloyd, J.) (holding that a document-by-document privilege log is not required by the applicable Federal Rules where 313 documents (totaling 1,915 pages) were withheld for privilege); *see also In re Imperial Corp. of America*, 174 F.R.D. 475, 477-79 (S.D. Cal. 1997) (same). Nonetheless, Plaintiffs now seek to compel Defendants to arbitrarily segment complete documents differently from how they are kept in the ordinary course of business. Putting aside the undue burden this would place on Defendants and that Plaintiffs' request is inconsistent with the applicable Federal Rules, such a listing would ***not*** provide a material benefit to Plaintiffs in determining the applicability of privilege.

Regarding entries 584 through 1047, Plaintiffs complaints are directed exclusively to ***redacted*** documents, ***not withheld documents***. All of these documents have been produced and are in Plaintiffs possession. As Plaintiffs admit, the author, recipient and copyee information is "readily available" and can be easily ascertained by Plaintiffs by simply looking at the documents themselves, which are identified by Bates number on the log. The administrative task of listing names for these redacted documents on a log would not provide materially better information for assessing privilege than simply looking at the documents themselves. Indeed, Plaintiffs make no assertion that they are unable to determine the applicability of privilege.

Defendants have produced a full and accurate log containing all information necessary to assess the applicability of privilege. Nothing in Plaintiffs' motion shows otherwise. As such, Plaintiffs have failed to meet their burden to show harm. Plaintiffs' motion should be denied.

| | | |
|---|---|---|
|1| | |
|2|June 13, 2008|June 13, 2008|
|3|By:  /s David K. Callahan s/_____|By:  /s Michael E. Florey s/_____|
|4|KIRKLAND & ELLIS LLP<br>David K. Callahan, P.C. (IL 620227)|FISH & RICHARDSON P.C.<br>brooks@fr.com|
|5|dcallahan@kirkland.com<br>200 East Randolph Drive|Juanita R. Brooks (SBN 75934)<br>Todd G. Miller (SBN 163200)|
|6|Chicago, Illinois, 60601<br>Telephone: 312-861-2000|Michael M. Rosen (SBN 230964)<br>12390 El Camino Real|
|7|Facsimile: 312-861-2200|San Diego, CA 92130<br>Telephone:  858 678-5070|
|8|Robert G. Krupka (SBN 196625)<br>777 South Figueroa Street|Facsimile:  858 678-5099|
|9|Los Angeles, California 90017<br>Telephone: 213-680-8400|Mathias W. Samuel (*pro hac vice*)<br>Michael E. Florey (*pro hac vice*)|
|10|Facsimile: 213-680-8500|60 South Sixth Street, Suite 3300|
|11|Kenneth Bridges (SBN 243541)<br>555 California Street|Minneapolis, MN 55402<br>Telephone:  612 335-5070|
|12|San Francisco, California, 94104<br>Telephone: 415-439-1400|Facsimile:  612 288-9696|
|13|Facsimile: 415-439-1500|Limin Zheng (SBN 226875)<br>500 Arguello Street, Suite 400|
|14|*Attorneys For Plaintiffs and Counter-defendants*<br>*BAXTER HEALTHCARE CORPORATION,*|Redwood City, CA 94053<br>Telephone:  650 839-5070|
|15|*BAXTER INTERNATIONAL INC., and*<br>*BAXTER HEALTHCARE SA*|Facsimile:  650 839-5071|
|16|June 13, 2008|*Attorneys for Defendants and Counter-*|
|17| |*claimants FRESENIUS MEDICAL CARE*|
|18|By:  /s Maureen K. Toohey_s/_____|*HOLDINGS, INC. AND FRESENIUS USA,*<br>*INC.*|
|19|TOOHEY LAW GROUP LLC| |
|20|Maureen K. Toohey  (SBN 196401)<br>mtoohey@tooheylaw.com| |
|21|225 Franklin Street, 16th Floor<br>Boston, Massachusetts 02110| |
|22|Telephone:  (617) 748-5511| |
|23|COBLENTZ, PATCH, DUFFY & BASS LLP<br>Howard A. Slavitt (SBN 172840)| |
|24|Rachel G. Cohen (SBN 218929)| |
|25|One Ferry Building, Suite 200<br>San Francisco, California 94111-4213| |
|26|Telephone: (415) 391-4800<br>Facsimile: (415) 989-1663| |
|27| | |
|28|*Attorneys for Plaintiff and Counter-defendant*<br>*DEKA PRODUCTS LIMITED PARTNERSHIP*| |

**ELECTRONIC FILING DECLARATION OF DAVID K. CALLAHAN, P.C.**

I, David K. Callahan, declare as follows:

1. I am a partner at Kirkland & Ellis LLP, and I am Baxter Healthcare Corporation's, Baxter International Inc.'s, and Baxter Healthcare SA's legal counsel in the above-captioned litigation.

2. Pursuant to the Northern District of California Electronic Filing Procedures and General Order No. 45, I attest that Michael E. Florey, counsel for Defendants, Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America, and Fresenius USA, Inc., (collectively "Fresenius"), and Maureen K. Toohey, counsel for Plaintiff DEKA Products Limited Partnership, concur in the filing of this document and have granted me permission to electronically file this document absent their actual signatures.

Dated: June 13, 2008

Respectfully submitted,

Kirkland & Ellis LLP

By: /s David K. Callahan s/
David K. Callahan, P.C. (IL 620227),
dcallahan@kirkland.com

*Attorney for Plaintiffs and Counter-defendants*
*BAXTER HEALTHCARE CORPORATION,*
*BAXTER INTERNATIONAL INC., and*
*BAXTER HEALTHCARE SA*