United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE CORP., et al.,

    Plaintiffs,

    v.

FRESENIUS MEDICAL CARE HOLDINGS, INC., et al.,

    Defendants.
_____/

No. C 07-1359 PJH

**ORDER RE FURTHER CLAIM CONSTRUCTION PROCEDURES**

As the court requested at the claim construction hearing, the parties have met and conferred and submitted a status statement regarding further procedures needed to assist the court in construing the first round of disputed terms of seven of the nine patents at issue in this case.

It is unclear what is meant by "the parties have agreed to see whether patents relating to pre-commercial versions of the accused device can be dismissed from the case." The court assumes that any later decision to dismiss any patents will not affect the scope of the court's job with respect to the pending claim construction.

The parties, not surprisingly, do not agree on having either a magistrate judge or a special master conduct the claim construction in this massive case. While plaintiffs would agree to a magistrate judge and to a special master, defendants will not. Defendants' competing proposal is instead for appointment of a technical advisor. It is not clear whether plaintiffs agree or disagree.

Because the parties warned in their briefs that the court's limitation of ten terms would be insufficient and that they anticipate that more disputed terms will need construction, the court advised at the hearing, and does so again, that given the massive

amount of information that was submitted and the number, length and density of the nine patents at issue, the court will attempt no future claim construction of more than one patent at a time.

With respect to the pending claim construction, the court will endeavor to construe the ten terms that have already been briefed and argued even though they involve seven patents. Because the volume of information presented is unmanageable, it would assist the court to have all supporting references from the patents and the legal support in one location.

Accordingly, the parties shall prepare and file proposed findings setting forth, in the form of a claim construction order, the findings as to each disputed term that they propose the court make. Each term shall be addressed in the same order as in the joint claim construction statement and shall be identified by the patent and claims in which it appears. The order shall then set forth findings first based on the intrinsic evidence, starting first with the claim language and then the specifications. Before any extrinsic evidence is referenced, there must be a proposed finding as to why resort to extrinsic evidence is proper and necessary. The proposed order should omit general claim construction principles, but should include the specific legal principles upon which the parties rely for a particular proposed construction.

The proposed findings shall be filed simultaneously, no later than August 29, 2008, and a disc must be lodged for the court's use as well. The court will thereafter issue its claim construction order when one is prepared. It will take a while.

**IT IS SO ORDERED.**

Dated: July 29, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge