UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baxter Healthcare Corporation, et al., | No. C 07-1359 PJH  (JL) |
|     Plaintiffs, | |
|     v. | **ORDER** |
| Fresenius Medical Care Holding, Inc., | |
|     Defendants.             / | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §636(b). This Court on October 9, 2008, almost four months after the document was e-filed, received a courtesy copy of the parties' Joint Statement regarding Plaintiffs' motion for a more complete privilege log, e-filed at Docket # 176. General Order 45 VI. (G) mandates that a courtesy copy of any electronically filed document be delivered to the chambers of the assigned judge by noon the next business day after it is e-filed. Counsel for Defendants had contacted the Court to inquire and only then learned that the Court had not been advised of the parties' dispute.

**Analysis and Conclusion**

Plaintiffs ask the Court to order Defendants to enhance their Privilege Log in two ways:

First, by separating individual emails within email strings, and identifying each email within the string as Plaintiffs argue is required by *In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Circuit 1992), and Rule 26(b)(5), Federal Rules of Civil Procedure. They want a "proper privilege log," identifying each document with: (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *In re Community Psychiatric Centers Securities Litigation*, No. SA CV91-533AHS(RWRX), 1993 WL 497253, at *4 (C.D. Cal. Sept. 15, 1993).

Defendants object that it would be an extremely burdensome task to separate complete documents into arbitrary segments - an exercise that Defendants contend is inconsistent with how the documents are kept in the ordinary course of business and far exceeds what is required to determine the applicability of a privilege.

This Court finds that Plaintiffs' request is reasonable. Each email is a separate communication, for which a privilege may or may not be applicable. Defendants cannot justify aggregating authors and recipients for all emails in a string and then claiming privilege for the aggregated emails. This portion of Plaintiffs' request is granted.

Second, Plaintiffs ask the Court to order Defendants to enhance their Privilege Log by identifying the author, recipient or copyee for redacted documents at entries 584 through 1047 (464 of the 917 total entries).

Defendants respond that Plaintiffs already have these redacted documents in their possession and can discern this information for themselves.

The Court finds that it is unreasonable for Defendants again to foist their task onto Plaintiffs. The documents are Defendants', the claim of privilege is Defendants', and the obligation properly to identify and justify the factors which render the documents privileged

is Defendants'.

**Order**

Accordingly, Plaintiffs' motion is granted in its entirety. Defendants are ordered to produce, within ten days of this Order, a full and accurate privilege log that separately identifies the author, recipient(s), copyee(s), and blind carbon copyee(s) for each logged email communication regardless of whether the communication is part of an email string and all other information missing from any and all entries on Defendants' privilege logs or produce any documents for which Defendants refuse to produce an adequate privilege log entry.

IT IS SO ORDERED.

DATED: October 10, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order-Grant-176.wpd