UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baxter Healthcare Corporation, et al., | No. C 07-1359 PJH (JL) |
| Plaintiffs, | |
| v. | **DISCOVERY ORDER**<br>**(Granting Docket #209)** |
| Fresenius Medical Care Holding, Inc., | |
| Defendants. | |
| _____/ | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §636(b).

The Court received the parties' joint statement at Docket # 209 regarding the adequacy of Fresenius' privilege log.

The Court has several times previously had to order Fresenius to meet its discovery obligations.

On November 30, 2007, this Court ordered Fresenius to produce to Defendant responsive e-mails either authored or received by the ten "key" employees Defendant identified, including but not limited to: the head of Research and Development, engineering director, marketing vice-president, senior software engineer, senior product manager, and

1  clinical nurse trainer. These were to be produced on a rolling basis to Plaintiff, all
2  production to be completed on or before January 4, 2008.
3      On February 6, 2008, the Court held a show cause hearing why Fresenius should
4  not be sanctioned for failure to comply with the November 30 order. The Court ordered
5  Fresenius to update its privilege log within two weeks and to complete all other disclosures
6  on or before March 11, 2008.
7      Most recently, on October 10, 2008, the Court ordered Fresenius to produce "a full
8  and accurate privilege log that separately identifies the author, recipient(s), copyee(s), and
9  blind carbon copyee(s) for each logged email communication regardless of whether the
10 communication is part of an e-mail string and all other information missing from any and all
11 entries on Defendants' privilege logs or produce any documents for which Defendants
12 refuse to produce an adequate privilege log entry."
13 **Baxter moves to compel production of documents; Fresenius claims privilege**
14     More than 800 log entries for documents that Fresenius alleges are privileged
15 attorney-client communications or work product do not identify any attorney as involved in
16 the advice or opinion. A number of entries do not identify either the sender or recipient.
17 Many identify neither. They are listed only as "Unknown." Fresenius argues that for some
18 documents its employees either cannot remember who specifically drafted them or else a
19 number of people participated. This is especially true for PowerPoint presentations. It
20 argues that it need not identify an attorney as having written a document if the content itself
21 is privileged, since communications among corporate employees which reflect attorney-
22 client communications or attorney advice may also be privileged. Baxter claims Fresenius
23 waives privilege due to its failure to identify adequately the documents so as to permit
24 Baxter and the Court to evaluate each claim of privilege.
25     Fresenius relies on a couple of published cases for its contention that its log is not
26 so inadequate as to waive privilege: *Zurich American Insurance Co. V. Superior Court*, 155
27 Cal.App. 4th 1485, 1503 (2007), and *Smithkline Beecham Corp. V. Apotex Corp.*, 232
28 F.R.D. 467, 477 (E.D.Pa. 2005). *Zurich American* doesn't deal with a privilege log, and the

court in *Smithkline* in fact found that attorney-client privilege was waived by failure to identify as an attorney the author of a document listed in a privilege log. The court did agree that a document need not be written by or addressed to an attorney to be privileged, which is the part of the decision that Fresenius clings to. The court also expressly held that privilege was not adequately supported by mere conclusory statements in the log - -like those made by Fresenius here.

Fresenius also relies on *Zurich American*, an inapposite California state court case, in this patent infringement case.  In *SmithKline Beecham v. Apotex*, another case that it relies on, the court observed that the controlling law in a patent infringement case is federal law, as interpreted by the regional circuit, in this instance the U.S. Court of Appeals for the Ninth Circuit.  *SmithKline Beecham Corp. v. Apotex Corp.* 232 F.R.D. 467 at 472.

## Conclusion and Order

## Attorney-Client Privilege

" 'The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures.' " *In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir.1992) (citations omitted). The privilege is limited to " 'only those disclosures--necessary to obtain informed legal advice--which might not have been made absent the privilege.' " *Id.* (citing *Fisher v. United States*, 425 U.S. 391, 403 (1976)).

Courts have recognized that "the privilege obstructs the search for the truth and because its benefits are, at best 'indirect and speculative,' it must be 'strictly confined within the narrowest possible limits consistent with the logic of its principle.' " *In re Grand Jury Investigation*, 599 F.2d at 1235 (quoting 8 Wigmore on Evidence § 2291, at 545 (1961)). As such, the party claiming the privilege bears the burden of proving that it applies to the communication at issue. *In re Grand Jury Empaneled Feb. 14, 1978*, 603 F.2d 469, 474 (3d Cir.1979) (citing United States v. Landof, 591 F.2d 36, 38 (9th Cir.1978)). Whether the privilege applies is a question of law to be decided by the court. *Andritz Sprout-Bauer, Inc. v. Beazer E., Inc.*, 174 F.R.D. 609, 632 (M.D.Pa.1997). The attorney-client privilege will not

apply where the party asserting it cannot demonstrate that:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (I) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Investigation*, 599 F.2d at 1233 (citing *United States v. United Shoe Mach. Corp.*, 89 F.Supp. 357, 358-59 (D.Mass.1950)). "The central inquiry is whether the communication was made by a client to an attorney for the purpose of obtaining legal advice." *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 805 (Fed.Cir.2000); *SmithKline Beecham Corp. v. Apotex Corp.* 232 F.R.D. 467, 472 -473 (E.D.Pa.,2005).

### Work Product Doctrine

The work product doctrine provides a qualified immunity for material prepared in anticipation of litigation by a party or its representative. See Fed.R.Civ.P. 26(b)(3); *Hickman v. Taylor*, 329 U.S. 495 (1947). The party asserting the work product doctrine has the burden of establishing its application to each document. *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 549 (W.D.Wash.2004); see also *Yurick v. Liberty Mut. Ins. Co.*, 201 F.R.D. 465, 472 (D.Ariz.2001) (noting that burden of establishing work product protection lies with the proponent, and "it must be specifically raised and demonstrated rather than asserted in a blanket fashion"). This burden can be met by, for example, submitting affidavits showing that certain facts exist to support the work product rule, or by providing a privilege log describing the documents the proponent claims to be protected. Indeed, the Federal Rules of Civil Procedure require privilege logs when otherwise discoverable information is withheld on the basis of privilege or work product protection. Fed.R.Civ.P. 26(b)(5).

1    Fresenius claims it simply cannot provide the identity all of the attorneys who prepared documents or gave advice. In *Grand Jury Investigation*, 974 F.2d 1071, the Ninth Circuit excused a similar but less serious deficiency in a corporation's privilege log, failure to state the purpose of each document. The party asserting the privilege had attached affidavits of the attorneys who prepared the documents declaring that the documents contained confidential information for the purpose of seeking legal advice and that the contents of the documents had not been disclosed to anyone outside of the retained law firm or the corporation. *Id.,* 1069-1070, 1071. The Court of Appeals found that the corporation's privilege log, combined with the affidavits, was sufficient to establish the applicability of the privilege. *Id.* at 1071. Since Fresenius claims not to know the identity of the attorneys who prepared the documents at issue, this option isn't available to it, and there doesn't seem to be any way for it to cure the fatal deficiencies of its privilege log.

The purpose of a privilege log is to provide the opposing party and the Court with enough information to evaluate the claim of privilege. The burden of establishing either attorney-client privilege or the protection of the work product doctrine lies with the proponent. Failure to provide sufficient identification waives the privilege.

It is hereby ordered that Fresenius shall produce to Baxter, within ten days of the issuance of this order, every document listed on its privilege log, where it fails to identify the attorney whose communication or work product it claims is contained in the document.

IT IS SO ORDERED.

DATED: December 12, 2008

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order grant 209.wpd