UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baxter Healthcare Corporation, et al., | No. C 07-1359 PJH  (JL) |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION TO COMPEL RULE 30(b)(6) DEPOSITION TO AUTHENTICATE DOCUMENTS PRODUCED BY DEFENDANTS (Docket # 220)** |
| Fresenius Medical Care Holding, Inc., | |
| Defendants. | |
| _____/ | |

The Court received the parties' joint statement regarding Plaintiffs' motion to compel Defendants to provide a witness knowledgeable enough to authenticate the 2,700 individual documents of 150,000 pages, and more than 580 CD-ROM discs of electronic files and source code, which Plaintiffs identified as potentially at issue in their case in chief, out of 200,000 documents produced by Defendants in response to Plaintiffs' discovery requests.

All discovery has been referred by the district court (Hon. Phyllis J. Hamilton pursuant to 28 U.S.C. §636(b). This Court finds the matter suitable for submission without oral argument pursuant to Civil Local Rule 7-1(b).

Defendants oppose Plaintiffs motion to compel on grounds that no single employee would be able to authenticate every document, and that even preparing for such a

1  deposition would require Defendants' witness and counsel to spend hundreds of hours
2  reviewing documents to identify the persons who would be able to say they are authentic.
3       Defendants also argue that Plaintiffs engaged in a "kitchen sink" discovery strategy,
4  forcing Defendants to produce a "mountain" of documents and electronic files, consisting of
5  several million pages of hard copy documents including documents from its regulatory,
6  financial, development, marketing, technical, testing, engineering, clinical, customer
7  service, and research groups plus emails either authored or received by hundreds of
8  employees and others, and gigabytes of various electronic documents and software files.
9  Many of these documents were produced based on the results of data mining and may not
10 have been created by Fresenius.
11      Defendants object to being burdened by the results of Plaintiffs' failure to timely
12 serve requests for admissions as to the authenticity and qualification as business records
13 of a small number of documents anticipated to be used at trial, as Fresenius did.
14      Fresenius is willing to offer a witness to testify as to the authenticity of a manageable
15 number of documents (50-100) that Plaintiffs believe they will actually use at trial.
16 Fresenius also offered to stipulate before trial to the authenticity of a reasonable number of
17 documents listed by Plaintiffs on their trial exhibit list. Plaintiffs rejected this proposal.
18      The Court carefully reviewed the parties' statements and the applicable case law
19 and Federal Rules and concludes that Plaintiffs' motion is unreasonable and not supported
20 by either the rules or the law. Accordingly the motion is denied.
21      IT IS SO ORDERED.
22 DATED: December 12, 2008

_____
JAMES LARSON
Chief Magistrate Judge

26 G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order deny 220.wpd