United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Baxter Healthcare Corporation, et al.,

Plaintiffs,

v.

Fresenius Medical Care Holding, Inc.,

Defendants.

_______________________________/

No. C 07-1359 PJH (JL)

**ORDER DENYING BAXTER'S MOTION TO COMPEL FURTHER RESPONSE TO INTERROGATORY NO. 11**
**(Docket # 221)**

## Introduction

This Court received the parties' joint statement regarding Baxter's motion to compel a further response from Fresenius to Baxter's Interrogatory 11. All discovery has been referred by the district court (Hon. Phyllis J. Hamilton), pursuant to 28 U.S.C. §636(b). Te Court finds the matter to be suitable for submission without oral argument pursuant to Civil Local Rule 7-1(b).

## Argument

Defendants' Liberty Cycler is accused of patent infringement in this case. For the past several years, and during the entire time that this litigation has been pending, the Liberty Cycler has undergone extensive changes during development and patient testing. Defendants have added and removed hardware and functions, modified the software (at least 700 times), and used variuos versions of the Liberty Cycler during at least four

different patient testing periods. Baxter argues that it is entitled to know with certainty, which infringing Liberty Cycler features and characteristics were included in each different version of the Liberty Cycler at any given point in time. Given that Defendants produced more than 2,500,000 pages of documents in this case, Baxter served Interrogatory 11 which asked Defendants to identify (by Bates number) specific categories of documents (e.g., manuals, drawings, schematics, engineering change orders, bills of materials, parts lists, and software) that correspond with each distinct—and potentially infringing—version of the Liberty Cycler that was sold, leased, offered for sale, used, tested, etc. Baxter asks the Court to find that Defendants' response was deficient and to order a further response.

Baxter argues that Defendants' response to its Interrogatory 11 is deficient because it improperly relies upon Rule 33(d), Federal Rules of Civil Procedure, and because, even if proper, the tens of thousands of pages cited is not sufficient to fully respond to the Interrogatory and Defendants admit that the production of remaining documents will not occur for at least another three weeks.

During the parties' December 4, 2008, meet and confer, Defendants denied that their response was improper while also admitting that: (1) the entire design history file has not yet been produced; (2) "other potentially relevant documentation…separate from the DHF" which is necessary to identify the document citations requested in Interrogatory 11 has not yet been produced; and (3) Defendants will now produce the complete design history file and other "potentially relevant documentation" necessary to respond to Interrogatory 11. A "design history file" is made up of historical records that document the development of a medical device over time. This record is used to prove compliance with FDA regulations and, as such, is subject to an audit by the FDA at any time.

Baxter argues that it is far less burdensome for Defendants than it is for Baxter to provide the answer to Interrogatory 11. Defendants' merely listing tens of thousands of pages, pursuant to Rule 33(d), is improper. Accordingly, Baxter asks the Court to compel Defendants to respond further to Interrogatory 11 and identify each requested document by individual Bates numbers that correspond to the different versions of the Liberty Cyclers.

United States District Court
For the Northern District of California

Fresenius argues that Rule 33(d) permits it to respond to this interrogatory by "specifying the records that must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). Fresenius did precisely this by directing Baxter to the Design History File ("DHF") for the Liberty, a comprehensive, well-organized collection of relevant documentation containing everything Plaintiffs seek in their interrogatory.

In response to Plaintiffs' discovery requests, Fresenius provided the entire DHF prior to commencement of formal discovery in this case, and that production was updated in August of this year. In addition, Fresenius produced to Baxter the Individual Device History Files ("IDHF") for each and every version of the Liberty Cycler. The IDHF's identify when the individual device was built and any subsequent modifications to the device. As Fresenius explained in its interrogatory response, armed with the build date for each device, Baxter can identify for itself— in precisely the same manner that Fresenius would do so—the information requested by its Interrogatory No. 11, because all of the approved (known as "ECO'd") documents concerning the Liberty Cycler are dated.

Fresenius argues that Plaintiffs can obtain the requested information relating to any particular Liberty Cycler by identifying the cycler's build date from the documents produced [IDHF's and other documents] and testimony obtained, and then locating within the production the hardware and software versions ECO'd immediately preceding that build date.)

Baxter's motion fails to make clear that its interrogatory calls for the identification of literally thousands of documents for each of the many versions of the Liberty Cycler that have been used since early developmental testing of the product. Essentially, Baxter asks Fresenius to prepare massive charts correlating the thousands of documents that are responsive to this request with each of the numerous product builds. The burden of that exercise, while massive and unnecessary, is the same for Baxter as it is for Fresenius. See *United States ex rel Englund v. Los Angeles County*, 235 F.R.D. 675, 680 (E.D. Cal. 2006) ("[W]here the information is contained in business records and answering the question

United States District Court
For the Northern District of California

would require the responding party to engage in burdensome or expensive research, the responding party may answer by specifying the records from which the answer may be obtained.").

Fresenius does not maintain this information in this form. Instead, before responsibilities for the Liberty were transferred from R&D to manufacturing, this information was maintained in chronological order in the DHF and in an electronic database. The Bates ranges for the DHF production and for the IDHF within Fresenius' production have been identified, and any additional relevant documents will be identified for Baxter once produced. Fresenius contends that by following the method described above and in the interrogatory response, Baxter can easily categorize the documents in the manner it desires. As Plaintiffs have recognized in their own interrogatory responses, Rule 33(d) makes it entirely appropriate to shift the burden of that exercise to the requesting party when, as here, "the burden of deriving or ascertaining the answer will be substantially the same for either party."

**Conclusion and Order**

This Court finds that the burden of ascertaining the information responsive to Interrogatory 11 would be substantially the same for either party. Accordingly, Fresenius has properly made use of the business records option in responding to the interrogatory and Baxter's motion is be denied.

IT IS SO ORDERED.

DATED: December 15, 2008

JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order deny 221.wpd