**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10

11   Baxter Healthcare Corporation, et al.,          No. C 07-1359 PJH  (JL)

12              Plaintiffs,

13        v.                                         **ORDER DENYING FRESENIUS'
                                                     MOTION TO COMPEL SUPPLEMENTAL**
14   Fresenius Medical Care Holding, Inc.,           **RESPONSE TO INTERROGATORY NO.
                                                     5 (Docket # 222)**
15              Defendants.
     _____/
16

17                              **Introduction**

18        All discovery has been referred by the district court (Hon. Phyllis J. Hamilton

19   pursuant to 28 U.S.C. §636(b). The Court received the parties' joint statement regarding

20   this discovery dispute, and finds it suitable for decision without oral argument pursuant to

21   Civil Local Rule 7-1(b).

22                              **Interrogatory 5**

23        Fresenius' Interrogatory 5 asks Baxter to: "Identify any and all Alleged Embodying

24   Products (by model designation, product name, trademark, logo, part number, and/or any

25   other designation Baxter uses), explaining via claim chart or equivalent precisely how the

26   Alleged Embodying Product meets each limitation of each claim of the Patents-In-Suit, and

27   Identifying when Baxter first began manufacturing, using, selling, offering for sale,

28   importing, or exporting each Alleged Embodying Product. "

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Argument**

Fresenius brings this motion to compel on grounds that Baxter failed to respond adequately. It seeks a response from Baxter which would identify which of the thirty-one claims of the'823 patent the following of Baxter's devices would have practiced and to provide information as to how the claims limitations of the '823 patent would have been met by each device.

Specifically, Fresenius objects that Baxter states for the Mercury project that it "yielded one or more prototypes that, if they had been used to perform peritoneal dialysis on a patient, would have practiced at least one claim of the '823 patent." Baxter's response for the Rita/Advanced Flow Control was identical, and Fresenius says it is also deficient.

For Genesis, Baxter responded that it "yielded one or more prototypes that embodied one or more claims of the '547 Patent and, if it had been used to perform peritoneal dialysis on a patient, would have practiced at least one claim of the '823 Patent."

Fresenius finds Baxter's response as to the Pegasus project equally lacking: "The Pegasus project yielded one or more prototypes that embodied one or more claims of the '547 and '719 Patents, practiced at least one claim of the '751 Patent and, if it had been used to perform peritoneal dialysis on a patient, would have practiced at least one claim of the '823 Patent."

Baxter's response regarding the "Sigma project," according to Fresenius, was also deficient: the "Sigma project yielded one or more prototypes that embodied one or more claims of the '422, '510 and '626 Patents, and if it had been used to perform peritoneal dialysis on a patient, would have practiced at least one claim of the '823 Patent."

Finally, as to the Enterprise project, Baxter contends it "yielded one or more prototypes that embodied one or more claims of the '626 Patent, and if it had been used to perform peritoneal dialysis on a patient, would have practiced at least one claim of the '823 Patent."

Fresenius objects that these responses are plainly deficient. Fresenius requests that Baxter be ordered to provide full and complete responses regarding the identified projects.

United States District Court

For the Northern District of California

1    Baxter defends its response to Interrogatory 5 - as served—as complete and

2  consistent with the requirements of Patent L.R. 3-1(g). In fact, Baxter claims its response

3  far exceeds what is required. Baxter points out that, as served, Interrogatory 5 seeks

4  information relating to completed and commercialized products (i.e., products Baxter

5  makes, uses, sells, offers for sale, imports, exports, or licensed)— not incomplete

6  developmental projects or prototypes. In response to Interrogatory 5, apart from Baxter' s

7  response and supplementation, Plaintiffs also provided extensive discovery relating to the

8  projects and prototypes. The Mercury project alone generated more than two dozen

9  assembly and component prototypes.

10    Plaintiffs also provided six corporate designees to testify (for 19 total hours) on

11  related Rule 30(b)(6) topics and another ten witnesses testified (for nearly 48 total hours)

12  regarding the various incomplete internal non-commercialized projects and prototypes.

13  Baxter rejects Fresenius' characterization of what it must provide in response to

14  Interrogatory 5, where Defendants ask this Court to compel a response based upon "what

15  is required by Patent Local Rule 3-1(f)."

16    Patent Local Rule 3-1(f), together with (g), provides:

17    (f) For any patent that claims priority to an earlier application, the priority date

18    to which each asserted claim allegedly is entitled; and

19    (g) If a party claiming patent infringement wishes to preserve the right to rely, for

20    any purpose, on the assertion that its own apparatus, product, device, process,

21    method, act, or other instrumentality practices the claimed invention, the party shall

22    identify, separately for each asserted claim, each such apparatus, product, device,

23    process, method, act, or other instrumentality that incorporates or reflects that

24    particular claim.

25

26    Pursuant to the Rule, Baxter argues it must provide information only if it "wishes to

27  preserve the right to rely, for any purpose, on the assertion that its own apparatus, product,

28  device, process, method, act, or other instrumentality practices the claimed invention...."

**United States District Court**

For the Northern District of California

1  Baxter is not relying on the fact that any of these prototypes practice the inventions, and

2  contends that it fully complied with the Rule when it identified the HomeChoice system

3  devices in eighteen pages of claim charts.

4      Baxter argues that, even if Interrogatory 5 properly requested claim chart analyses

5  for every prototype ever created, and even if Plaintiffs failed to provided the extensive

6  discovery they have, Baxter cannot respond to the Interrogatory that Defendants think they

7  served. It is one thing to ask for claim charts and analyses regarding a single mass-

8  produced device— i.e., HomeChoice. It is entirely different, and improper, to ask for claim

9  charts and analyses for every single iterative prototype part, assembly, and system— all of

10  which are by definition incomplete and non-final— that Plaintiffs ever created and which

11  never led to final commercial products.

12      Baxter contends it would be error for Defendants to compare their allegedly

13  infringing device to Plaintiffs' projects and prototypes. Baxter cites *Zenith Laboratories, Inc.*

14  *V. Bristol-Myers Squibb Co.,* 19 F.3d 1418, 1423 (Fed. Cir. 1994). The pertinent segment

15  of that opinion appears to be: "it is error for a court to compare in its infringement analysis

16  the accused product or process with the patentee's commercial embodiment or other

17  version of the product or process; the only proper comparison is with the claims of the

18  patent. " *Id.*

19      This is perhaps a mirror image of what Baxter is trying to argue here, and the Court

20  finds it unpersuasive. What the Court does find persuasive is the element of timing - Baxter

21  argues that the prototypes and projects that Fresenius wants more information about were

22  all developed after the critical dates of the HomeChoice patents-in-suit, and some of them

23  even post-date the critical dates for every patent-in-suit. How can these prototypes and

24  projects be prior art if they were developed after the patents? Furthermore, the existence or

25  lack of a feature is determined by looking to the prior art itself - not to Plaintiffs' post-critical

26  date development projects and prototypes.

27      Baxter argues that  Defendants' motion to compel asks Baxter to do the virtually

28  impossible; assess whether claim chart comparisons are needed for every iteration of every

1   prototype ever created. Neither Interrogatory 5 nor Patent L.R. 3-1(g) require that Baxter

2   provide such an onerous analysis and response. Therefore, because Defendants' motion

3   seeks information unbounded by the Interrogatory, the Patent Local Rules, and even

4   common sense (i.e., limited to final commercial products and not a multiplicity of

5   prototypes), and because of the extensive discovery already provided, this Court should

6   deny Defendants' motion.

7                       **Conclusion and Order**

8           Baxter contends that it does not "wish to preserve the right to rely, for any purpose,

9   on the assertion that its own apparatus, product, device, process, method, act, or other

10  instrumentality practices the claimed invention," and that consequently it is not required to

11  "identify, separately for each asserted claim, each such apparatus, product, device,

12  process, method, act, or other instrumentality that incorporates or reflects that particular

13  claim," for each of its prototypes and projects which have not been commercially produced.

14          The Court finds that Baxter has responded adequately and even more than

15  adequately to Fresenius' Interrogatory 5, and that the motion to compel should be denied.

16          IT IS SO ORDERED.

17  DATED: December 15,  2008

18                                      _____

19                                              JAMES LARSON
                                           Chief Magistrate Judge

20

21

22  G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order Deny 222.wpd

23

24

25

26

27

28

*United States District Court*
For the Northern District of California