UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baxter Healthcare Corporation, et al., | No. C 07-1359 PJH  (JL) |
| Plaintiffs, | |
| v. | **ORDER (Granting Docket #242)** |
| Fresenius Medical Care Holding, Inc., | |
| Defendants. | |
| _____/ | |

**Introduction**

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton) pursuant to 28 U.S.C. §636(b). Fact discovery cut-off was December 1, 2008. Pretrial Conference is March 12, 2009, and Trial is April 6, 2009.

**Discovery Dispute**

Defendant Fresenius asks to withdraw from its privilege log a document which it argues is privileged and exempt from being logged as privileged because it was created after of this litigation was filed.

The document, entry No. 1200, was written by Fresenius' employee Tri Ly at the request of litigation counsel and e-mailed by Ly to litigation counsel, after commencement of the litigation. Fresenius argues that this document was inadvertently logged, even though it was not required to be under the terms of Judge Hamilton's July 2, 2007 order [e-

filed at Docket # 82] which incorporates the parties' agreement at Docket # 87 that "privileged and work product materials associated with parties' counsel be required to be logged only insofar as they were created before the date that the Complaint was filed (i.e. October 16, 2006)."

Baxter asks the Court to deny Fresenius' request on the following grounds:

1) Defendants' transmittal letter, sent December 29, 2008—the day mandated by the Court for the production of all of the improperly logged documents—did not merely identify "the single document" that Defendants seek to remove, post hoc, from their privilege log. Instead, Defendants withheld dozens of documents on multiple grounds.

2) The parties submitted their Joint Statement to the Court more than a week after the Court-ordered production date and Defendants still have not produced these dozens of documents that they initially withheld but belatedly conceded they must produce.

3) It was only after the parties met and conferred and after Plaintiffs prepared their portion of Defendants' earlier version of this Joint Statement that Defendants capitulated and agreed to produce these supposedly "nonresponsive" withheld documents by December 29, 2008. That deadline is now past.

4) This Court's Order is unequivocal; it contains no exceptions and does not allow Defendants to further modify the privilege log that was submitted to the Court, since it was presumably "full and accurate," as this Court had previously ordered on October 10, 2008 (Dkt. No. 195).

5) If Defendants had indeed diligently attempted to comply with this Court's previous orders, it is not unreasonable to expect Defendants, or Defendants' counsel, to have recognized that the logged document that was created for litigation and requested by litigation counsel—and which was logged as work-product protected—and rectify the privilege log prior to the deadline for Court-ordered production.

**Conclusion**

The Court finds that Fresenius' failure to identify this allegedly privileged document and to either object or request a modification of this Court's discovery order in a timely manner was inadvertent. Accordingly, Fresenius' request for permission to withdraw the document at Entry No. 1200 is granted.

IT IS SO ORDERED.

DATED: January 13, 2009

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\order 242.wpd