UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Baxter Healthcare Corporation, et al.,

        Plaintiffs,

    v.

Fresenius Medical Care Holding, Inc.,

        Defendants.

_____/

No. C 07-1359 PJH  (JL)

**ORDER DENYING DEFENDANTS'
MOTION TO COMPEL (Docket # 223)**

### Introduction

All discovery in this case was referred by the district court (Hon. Phyllis J. Hamilton), pursuant to 28 U.S.C. ss636(b). The parties submitted a joint statement regarding their discovery dispute over entries on DEKA's privilege log. The Court carefully considered the positions of both parties and hereby issues its order.

### Analysis

The Court concludes that the disputed entries on DEKA' s Supplemental Privilege Log have been properly withheld as privileged, even if no recipient is listed. For example, a number of DEKA' s Privilege Log entries are memos, located in its outside counsel' s files, that directly memorialize legal advice rendered or received. Many of these entries are on standard forms entitled " Telephone/Personal Conference Memo," including by way of example Entry Nos. 546, 553, 559, 568, 649, 650, 654, 655, 666, 975, 1051, 1054, 1281,

**United States District Court**
For the Northern District of California

1  and 1094, and many contain the identification of the attorney, the client, and the date of the

2  communication in the appropriate blanks on the form.

3      For example, Entry No. 546, DEKA's Privilege Log now reads: "Document

4  memorializing attorney-client communication and reflecting/containing attorney mental

5  impression regarding prosecution of U.S. Patent No. 4,778,451" and specifying a date of

6  January 1, 1988. Although the document itself was not communicated between an attorney

7  and a client, the document by its nature and contents memorializes and reflects legal

8  advice rendered in a privileged conversation and, thus, has been appropriately withheld as

9  privileged. *In re Rivastigmine Patent Litigation,* 237 F.R.D. 69, 83 (S.D.N.Y. 2006) ("A

10  memorandum to file may be protected where it records a confidential attorney-client

11  communication." ); *Larson v. Harrington*, 11 F.Supp. 2d 1198, 1203 (E.D. Cal. 1998)

12  (attorney-client privilege protects notes or memoranda created at the behest of counsel).

13      Again, a number of entries (e.g., Nos. 1081 and 1300) for which Defendants seek

14  production are dated and signed communications from DEKA's then in-house counsel,

15  Steve Fukuda, to its outside patent prosecution law firm, Bromberg & Sunstein. Fresenius

16  appears to argue, however, that these documents cannot be withheld as privileged

17  because DEKA was unable to ascertain, based on its investigation to date, to which

18  particular attorney at Bromberg & Sunstein the communication was directed and, thus, it

19  listed "Bromberg & Sunstein" as the recipient. To the contrary, the identity of a specific

20  attorney recipient is not required, especially where Bromberg and Sunstein was specifically

21  retained to render legal advice regarding patent prosecution.

22      Accordingly, DEKA's identification of communications which refer to or reflect legal

23  advice requested or offered, between one lawyer, Mr. Fukuda, and DEKA's outside patent

24  prosecution counsel, the firm of Bromberg & Sunstein, establishes the validity of logging

25  the communications as privileged. See Fed. R. Civ. P. 26(b)(5) (noting that the log must

26  describe the nature of the communications that the privilege claim can be assessed); see

27  also e.g., *U.S. v. ChevronTexaco Corp.*, 241, F. Supp 2d 1065, 1073 (N.D. Cal. 2002)

28

**United States District Court**
For the Northern District of California

("Communications between client and its outside counsel are presumed to be made for the purposes of obtaining legal advice." ) (citation omitted).

Defendants seek production of a number of documents which are either invention disclosures or drafts (or portions of drafts) of patent applications, that reflect information received from and later transmitted to DEKA in whole or in part. Indeed, the Court in the *In re Rivastigmine Patent Litigation* case, cited by Fresenius in one of its other privilege motions, found that the attorney-client privilege generally applies to draft patent applications, amendments, and supporting affidavits, unless the privilege is waived. 237 F.R.D. 69, 86; see also *McCook Metals L.L.C. v. Alcoa Inc.*, 192 F.R.D. 242, 253 (N.D. Ill. 2000):

> "A draft necessarily reflects the communications between a client and his attorney as the attorney attempts to put forth the invention in the best light possible to protect a client' s legal right. A patent draft implicitly contains the legal opinion and advice of the attorney regarding the wording of technical specifications, claims, and prior art, and whether an item is included, all of which are necessary to secure a legal claim for the client." )

There is no waiver in this case, as there could have been had DEKA failed to log these entries as privileged.

### Order

For all the above reasons, Fresenius' Motion to Compel the Production of DEKA Documents from Privilege Log is DENIED in its entirety, with respect to DEKA'S privilege log Entries Nos. 176, 213, 300-301, 519, 531, 543, 546, 553, 559, 562, 568, 581-584, 602, 625, 649-650, 654-655, 660-661, 664-666, 669, 671, 686, 688-689, 695, 700, 702, 734, 886-888, 906, 927-932, 935-936, 946, 948, 955-956, 964-965, 970-972, 974-975, 979, 982-986, 994-996, 998, 1000, 1030, 1032, 1034, 1040, 1048, 1051, 1054-1059, 1081, 1094, 1158, 1181, 1211, 1281, 1283-1295, 1300, 1309, 1377, 1434, 1463, and 1573.

IT IS SO ORDERED.

DATED: March 3, 2009

_____
JAMES LARSON
Chief Magistrate Judge

G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order deny 223.wpd