UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Baxter Healthcare Corporation, et al., | No. C 07-1359 PJH  (JL) |
| Plaintiffs, | **ORDER DENYING DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF "FOREIGN ASSOCIATE" DOCUMENTS FROM DEKA'S PRIVILEGE LOG (Docket # 224)** |
| v. | |
| Fresenius Medical Care Holding, Inc., | |
| Defendants. | |

### Introduction

All discovery in this case has been referred by the district court (Hon. Phyllis J. Hamilton), pursuant to 28 U.S.C. ss636(b). The parties filed a joint statement regarding their discovery dispute. The Court carefully considered the positions of both parties and hereby issues its order.

### Analysis

The law regarding the privileged nature of DEKA's U.S. attorney and foreign patent prosecution communications listed on DEKA's privilege log is clear. " If the foreign patent agent was primarily a functionary of the [United States] attorney, the communication is privileged to the same extent as any communication between an attorney and a non-lawyer working under his supervision. If the foreign patent agent is engaged in the lawyering process, the communication is privileged to the same extent as any communication

between co-counsel." *Baxter Travenol Laboratories, Inc. v. Abbott Laboratories*, 1987 WL 12919, at *8 (N.D. Ill. July 19, 1987); see also, *Jack Winter, Inc. v. Koratron Co.*, 54 F.R.D. 44, 46 (N.D. Cal. 1971) (holding that privilege extended to documents containing or disclosing legal analyses on the part of United States lawyers regardless of whether the documents were addressed to patent agents in Great Britain). Defendants accurately state that the *Jack Winter* case has been criticized. Indeed, in the *Space Systems/Loral* case cited by Defendants, the N.D. Cal. declined to follow *Jack Winter* because it was too restrictive in its application of attorney-client privilege protection to technical information transmitted to a patent attorney and not because *Jack Winter* found that U.S. attorney communications with foreign patent counsel are privileged under United States law.

The *Bristol-Meyers* case, cited by Defendants as " the prevailing authority" for their position, is actually in accord with the *Baxter* and *Jack Winter* cases above. *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 1998 WL 158958, at *3 (S.D.N.Y., 1998) ("[U]nless the French patent agents were acting under the authority of a U.S. attorney," French privilege law would apply.).

None of the other cases cited by Defendants refute this black-letter principle, and all of them are readily distinguishable. In *OKI America*, an opinion of this Court, as indicated in the briefing relating to the cited opinion at *OKI America, Inc. v. Advanced Micro Devices, Inc.*, 2006 WL 2547464 (N.D.Cal., 2006) (at Dkt. # 281, p. 3), the disputed communications were between the Japanese client and Japanese counsel. Accordingly, this Court found that Japanese privilege law should apply. Similarly, in *Polyvision*, the court examined Canadian law because the communications at issue were between a Canadian patent agent prosecuting Canadian patents for his Canadian client. *Polyvision Corp. v. Smart Technologies Inc.,* 2006 WL 581037, *1 (W.D.Mich., 2006). In *Rivastigmine*, the court examined the privilege laws of various countries because the communications were between two Swiss "clients" and their various foreign patent counsel. 237 F.R.D. at 87-101 (discussing the law of 31 countries where the foreign " client" communicated with foreign counsel). Defendants also rely on the *Eisai* case but nothing in that case compels the

conclusion that United States privilege laws should be disregarded in favor of foreign privilege laws where the substantive communications are between a U.S. attorney and a foreign agent working on the U.S. attorney's behalf. *Eisai Ltd. v. Dr. Reddy's Laboratories, Inc.*, 406 F.Supp.2d 341 (S.D.N.Y., 2005). In fact, the underlying authority cited in *Eisai*, i.e., the *Bristol-Myers* case, found just the opposite. Compare *Eisai*, 406 F. Supp. 2d at 342 (noting that *Bristol-Myers* is the prevailing authority on this area of law), with *Bristol-Myers*, 1998 WL 158958, at *3 (noting that foreign privilege law applies "unless the [foreign patent agents were acting under the authority of a U.S. attorney").

As an additional issue, Fresenius argues that documents newly listed on DEKA's Supplemental Privilege Log of December 2, 2008 likely relate to "the scope of claims that mirror the claims of the patents in suit" or reveal withheld prior art. DEKA responds that almost without exception the newly withheld documents listed on DEKA's Supplemental Privilege Log relate not to the patents-in-suit, nor to patents related to the patents-in-suit, and not even to foreign equivalents of the patents-in-suit, but to other patents licensed between DEKA and Baxter

Because the communications identified on DEKA's privilege log are substantive communications between DEKA's United States counsel and various foreign patent agents and counsel either working under the United States attorney's supervision or as co-counsel related to foreign patent prosecution, DEKA has established that the documents are attorney-client privileged and may be withheld from production. Defendants' motion to compel production of these documents therefore must be denied.

**Order**

For all the reasons stated above, Fresenius' motion to compel production of "foreign associate" documents listed on DEKA's privilege log is DENIED, with respect to entries from DEKA's privilege log that concern communications with foreign associates regarding the application, prosecution or issuance of all foreign patents and patent applications.

1   IT IS SO ORDERED.
2   DATED: March 3, 2009

_____
JAMES LARSON
Chief Magistrate Judge

5   G:\JLALL\CHAMBERS\CASES\CIV-REF\07-1359\Order deny 224.wpd