UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE CORPORATION, et al.,

    Plaintiffs,

    v.

FRESENIUS MEDICAL CARE HOLDINGS, INC. d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, et al.,

    Defendants.
_____/

No. C 07-1359 PJH

**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL IN PART AND DENYING IT IN PART**

Before the court is defendants' motion to file certain documents under seal. The documents at issue are Exhibits E, R, S, T, Z, AH, AI, and AJ to the Declaration of Limin Zheng in support of Fresenius' Responsive Claim Construction Brief; Appendix E to the Declaration of Juan G. Santiago in Support of Fresenius' Claim Construction Brief; and portions of Fresenius' Claim Construction Brief and the Santiago Declaration that refer to the above listed exhibits. The exhibits were all previously designated as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Outside Attorneys' Eyes Only" by plaintiffs.

On June 4, 2008, plaintiffs's counsel Jared E. Hedman filed a declaration supporting the filing of the nine documents under seal. Mr. Hedman states as follows with regard to each of the documents:

    –     Exhibit R is a Baxter confidential HomeChoice™ Architectural Design Description that explains how the HomeChoice™ system functions. Plaintiffs assert that because this document contains proprietary information that is not readily determinable from other sources, plaintiffs would be prejudiced if it were publicly disclosed because their

1   competitors would be able to recreate the novel features disclosed.

2   –   Exhibits S and T are asserted to be confidential for the same reason.  Exhibit
3   S is a DEKA confidential research and design document, while Exhibit T is a Baxter/DEKA
4   confidential research and design document.  Both discuss the theory of operation, including
5   numerous supporting mathematical calculations, behind the Fluid Management System
6   utilized in the Baxter/DEKA HomeChoice™ system.  Plaintiffs assert that because these
7   documents contain proprietary information that is not readily determinable from other
8   sources, plaintiffs would be prejudiced if the documents were publicly disclosed because
9   their competitors would be able to recreate the novel features disclosed.

10   –   Exhibits Z, AH, AI, and AJ are asserted to be confidential for the same
11   reason.  All four are confidential research and design documents for Baxter/DEKA systems
12   that were never completed or made public.  Exhibit Z is a DEKA document regarding the
13   perceived market requirements for a Baxer/DEKA peritoneal dialysis system.  Exhibit AH is
14   a Baxter document discussing the theory, operation, calibration, and market requirements
15   for a Baxter/DeKA peritoneal dialysis system.  Exhibit AI is a DEKA document discussing
16   the theory, operation, and programming algorithm for a Baxter/DEKA peritoneal dialysis
17   system.  Exhibit AJ is a Baxter document discussing the various techniques for sensing
18   variables potentially used in a Baxter/DEKA peritoneal dialysis system.  Plaintiffs assert
19   that because these documents contain proprietary information that is not readily
20   determinable from other sources, plaintiffs would be prejudiced if the documents were
21   publicly disclosed because their competitors would be able to recreate the novel features
22   disclosed.

23   –   The Santiago Declaration and attached Appendix E discuss several of the
24   Baxter/DEKA exhibits listed above.  Specifically, the Santiago Declaration discusses and
25   partially discloses the contents of Exhibits E, R, S, T, AI, AH, and AJ; and Appendix E
26   further discloses the contents of Exhibits AH and AI.  Plaintiffs assert that these documents
27   contain proprietary information, and that for the reasons described with regard to the
28   Exhibits, above, good cause exists for maintaining the confidential nature of the proprietary

information, as it is not readily determinable from other sources and could be of value to Baxter/DEKA's competitors if disclosed.

– Fresenius' Responsive Claim Construction Brief, at p. 21, discusses the contents of Exhibits Z and AJ, and for the reasons described above, good cause exists for maintaining the confidential nature of the proprietary information, as it is not readily determinable from other sources and could be of value to Baxter/DEKA's competitors if disclosed.

The documents can be divided into two categories – (1) Baxter design documents that relate to the operation of the HomeChoice™ system, which are asserted to contain proprietary Baxter/DEKA information (Exhibits E, R, S, T), and references to those exhibits; and (2) Baxter/DEKA confidential design documents that relate to peritoneal dialysis system(s) that were never completed and never made public (Exhibits Z, AH, AI, AJ), and references to those exhibits.

The motion is DENIED as to category (1), and GRANTED as to category (2). As to the documents in category (1), plaintiffs have not established good cause for sealing documents relating to the HomeChoice™ system, as many features of the HomeChoice™ enjoy substantial patent protection.

As to the documents in category (2), the court finds that the fact that the systems were never completed and never made public is sufficient to warrant sealing the documents submitted in connection with the briefing on the claims construction. The parties are cautioned, however, that this reason is unlikely to be sufficiently compelling to justify sealing these or similar documents if they are proffered in connection with a motion for summary judgment or at trial.

**IT IS SO ORDERED.**

Dated: March 18, 2009

PHYLLIS J. HAMILTON
United States District Judge

3