UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE CORPORATION, et al.,

  Plaintiffs,

  v.

FRESENIUS MEDICAL CARE HOLDINGS, INC., d/b/a FRESENIUS MEDICAL CARE NORTH AMERICA, et al.,

  Defendants.
_____/

No. C 07-1359 PJH

**ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

Before the court is the motion of defendants Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America and Fresenius USA, Inc. for leave to file a motion for reconsideration of the order construing the term "membrane" in U.S. Patent No. 6,814,547 ("the '547 patent"). Having read the parties' papers and carefully considered their arguments, and good cause appearing, the court hereby DENIES the motion.

Under Civil Local Rule 7-9, a party seeking leave to file a motion for reconsideration of an interlocutory order must specifically show:

  (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

  (2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3)  A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

In the February 10, 2009, order construing claims, the court found that "membrane" means "barrier." In the original claims construction statement, the parties had disputed the meaning of "membrane" in the '547 patent, the '369 patent, and the '626 patent. In the order construing claims, the court noted that at the claim construction hearing, Fresenius had adopted plaintiffs' proposed construction of "membrane" to mean "barrier" in the '369 and '626 patents. Thus, in the order, the only construction required was as to the use of "membrane" in claim 12 of the '547 patent.

The parties' dispute centered on whether the "membrane" must be "flexible" and "capable of being deformed" or whether it should simply be defined as a "barrier" without those limitations. Fresenius proposed that "membrane" as used in the '547 patent means "a flexible sheet capable of being deformed under the disclosed pressures," while Baxter argued that "membrane" should be defined simply as "barrier."

The court found that nothing in the claims or specification required that the ordinary and customary meaning of "membrane" as a "barrier" did not apply, or that "membrane" should be given any special meaning. In short, the court agreed with Baxter's proposed construction of "membrane."

In the motion for leave to file a motion for reconsideration, Fresenius asserts that the court made a material mistake in construing "membrane" in the '547 patent as "barrier." Fresenius contends, first, that the court <u>based</u> its construction of "membrane" on its conclusion that Fresenius had adopted Baxter's proposed construction of "membrane" (as meaning "barrier) in the '369 and '626 patents. Fresenius insists that it never adopted Baxter's proposed construction, and argues that the transcript of the hearing makes that clear.

According to Fresenius, at the hearing, Fresenius asserted that there was no reason for the court to construe "membrane" in the '369 and '626 patents, because no non-

2

infringement or invalidity arguments hinged on the construction. Fresenius claims that its assertion was not that the term's meaning was undisputed, but that no dispute flowed from the construction as to those two patents, so there was no reason for the court to construe the term as to those two patents.

Fresenius speculates that the court simply adopted the statement in Baxter's August 29, 2008, proposed order construing claims, where Baxter stated as a proposed finding that "[a]t the claim construction hearing, [d]efendants adopted [p]laintiffs' construction of 'membrane' to mean 'barrier' for both the '369 and '626 patents."

Fresenius' second argument goes to the merits of its proposed motion for reconsideration. Fresenius contends that the court adopted a construction that is "plainly" overbroad, and that is not relevant to the use of the term "membrane" in claim 12 or in any claim of the '547 patent. Fresenius suggests the court failed to consider its arguments the first time around, and essentially re-argues its prior position in the claims construction – that the specification requires a construction of "membrane" to mean "a flexible sheet capable of being deformed under the disclosed pressures."

The court finds that the motion must be DENIED. The court did not base its construction of "membrane" in the '547 patent on a conclusion that Fresenius had already adopted the construction "barrier" in the other two patents. That information was included simply to clarify what the parties had argued in their briefs as to the meaning of "membrane" in all three patents, and that at the hearing Fresenius had seemingly abandoned its opposition to Baxter's proposed construction.

The transcript of the February 10, 2009, hearing reflects that the court asked, "So there's no need for the court to construe the term?" and Fresenius' counsel responded, "That's absolutely right." The court then asked, "The membrane in the context of the two patents?" and Fresenius' counsel responded, "Absolutely right. There's no dispute that flows from the construction. And I can leave it at that, if the Court wants me to." The court responded, "Okay."

Fresenius has not established that reconsideration should be granted based on one

of the bases set forth in Civil Local Rule 7-9(b).  Moreover, Rule 7-9(c) specifically prohibits a motion for reconsideration that repeats any oral or written argument that the party previously made and now seeks to have reconsidered.

**IT IS SO ORDERED.**

Dated: March 18, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge