UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE, et al.,

    Plaintiffs,                             No. C 07-1359 PJH

    v.                                 **FINAL PRETRIAL ORDER**

FRESENIUS MEDICAL CARE HOLDINGS, et al.,

    Defendant.

_____/

       Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.     DAUBERT MOTIONS

       Plaintiffs' motions to exclude certain testimony of Fresenius' experts Drs. William Durfee and Darrell Long are GRANTED. As to the "Background" section of Dr. Durfee's expert report, and as to the characterization of the contracts between Baxter and Deka, the witnesses must testify based on personal knowledge, or the facts must be established by stipulation or other evidence. The expert witnesses may not testify as to information they did not rely on in forming the opinions for which they are offered.

II.     MOTIONS IN LIMINE

    A.     Plaintiffs' Motion in Limine No. 1 to prohibit prejudicial comments about potential post-trial equitable relief is DENIED, with the caveat that defendants will not make such arguments as to liability, but may submit evidence and argument about injunctive relief should plaintiffs submit evidence of such as to their damages.

B. Plaintiffs' Motion in Limine No. 2 to prohibit defendants from stating, arguing, or inferring that the HomeChoice Cycler has caused patient injuries or death, and defendants' Motion in Limine No. 4 to preclude plaintiffs from arguing that the Liberty Cycler could potentially be dangerous or cause patient injury or death, are DENIED. However, the arguments may not be made in opening statements, and may be made in closing arguments only if supported by evidence presented at the trial.

C. Plaintiffs' Motion in Limine No. 3 to exclude evidence of any new mechanical changes to the Liberty Cycler is DENIED. Plaintiffs must establish infringement as to each of the five versions of the Liberty Cycler.

D. Plaintiffs' Motion in Limine No. 4 to exclude evidence of foreign patents and U.S. patents that are not directly related to the remaining patents-in-suit is GRANTED.

E. Plaintiffs' Motion in Limine No. 6 to exclude evidence of defendants' patents covering the Liberty Cycler is DENIED. The differences between design and utility patents can be explained to the jury via a limiting instruction, to be drafted by the parties and provided to the court **on the first day of trial**.

F. Plaintiffs' Motion in Limine No. 8 to preclude defendants from referencing any opinions of counsel related to the Liberty Cycler, and defendants' Motion in Limine No. 2 to preclude plaintiffs from arguing that defendants did not obtain a pre-suit opinion of counsel regarding the patents-in-suit, are GRANTED based on the stipulation of counsel at the conference.

G. Plaintiffs' Motion in Limine No. 10 to preclude evidence or argument relating to Dr. Santiago's untimely-submitted supplemental expert report is DENIED. Defendants shall make Dr. Santiago available for deposition regarding the supplemental report, with underlying documents. Plaintiffs shall make Dr. Durgin available for deposition regarding the response to Dr. Santiago's supplemental report, with any underlying documents.

H. Defendants' Motion in Limine No. 1 to exclude defendants' FDA submissions regarding the Liberty Cycler is DENIED as moot, in accordance with the parties' agreement at the hearing that plaintiffs will not argue substantial equivalence but will rely solely on the

factual admissions of defendants in the submissions.

  I. Defendants' Motion in Limine No. 6 to preclude Dean Kamen and other named inventors from providing opinion testimony as to the validity and infringement of the patents-in-suit is DENIED as moot in view of plaintiffs' representation that none of the inventors will be offered as experts at trial.

  J. All other motions in limine filed with the pretrial papers are DENIED as moot based on the parties' having withdrawn them prior to the hearing.

III. EXHIBITS

  The parties are encouraged to stipulate to as many exhibits as possible so as to avoid using trial time to argue questions of admissibility.  The court will be available 15 minutes before and after the trial day to address exhibit issues.

IV. VOIR DIRE

  The court will utilize the parties' jointly proposed voir dire questions.  The parties shall prepare the list of witnesses and the list of attorneys that are referenced in the proposed voir dire and submit them **one week before trial**.

V. JURY INSTRUCTIONS

  The court will give the jointly proposed instructions along with the standard patterned instructions identified in the case management and pretrial order.  With regard to the separately proposed instructions, the parties shall meet and confer and revise them in accordance with the court's rulings on the motions in limine.  The parties shall endeavor to agree on all instructions and the court anticipates that only ten (five from each side) will need resolution by the court.  To that end, the parties shall file briefs not exceeding 10 pages in support of and in opposition to the contested jury instructions.  The revised instructions and briefing shall be submitted as soon as possible, but given the deadline established in section VIII below, they may be submitted **on the first day of trial**.

VI. VERDICT FORMS

  The parties shall meet and confer and revise the verdict form in accordance with the rulings announced at the pretrial conference.  It shall be submitted **on the first day of trial**.

VII. <u>TRIAL SCHEDULE AND TIME LIMITS</u>

Trial will be held between 8:30 a.m. and 1:30 p.m. with two fifteen minute breaks on Monday, Tuesday, Thursday and Friday for four weeks.  Each side will be permitted 26 hours for everything except closing arguments which will take place no later than Tuesday July 13, 2010.

VIII. <u>MISCELLANEOUS</u>

A. Regarding the on-sale bar and the indefiniteness defenses, defendants must make an offer of proof before trial, and may assert those defenses only if they have evidence beyond that offered in connection with the motions for summary judgment.  The offer of proof shall be filed no later than **one week before trial**.  Regarding the obviousness defense, defendants must identify the references relied on **one week before trial**.  The written description and enablement defenses remain for trial.

B. After commencement of the trial, the parties may not file written motions without leave of court, with the exception of any motions for judgment as a matter of law.

C. The parties shall prepare jury notebooks which shall include initially the claim construction, a glossary, and the undisputed facts.

**IT IS SO ORDERED.**

Dated: June 1, 2010

PHYLLIS J. HAMILTON
United States District Judge