UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE
CORPORATION, et al.,

    Plaintiff(s),

    v.

FRESENIUS MEDICAL CARE
HOLDINGS, INC, et al.,

    Defendant(s).
_____/

No. C 07-1359 PJH

**FINDINGS RE INVALIDITY OF CLAIM 12 OF THE '547 PATENT**

This matter was before the court for trial commencing July 6, 2010.  The question whether defendants' Liberty Cycler infringes Claims 1, 4 and 5 of plaintiffs' '823 patent and Claim 12 of plaintiffs' '547 patent was tried to the jury and the question whether claim 12 of the '547 patent is invalid for indefiniteness as asserted by defendants in their answer and counterclaim was tried to the court.  The indefiniteness question was raised previously in defendants' motion for summary judgement.  The court denied summary judgment and further found that the allegedly indefinite term was clear when read in light of the entirety of Claim 12 and the specification.  (See, Order re Motions for Summary Judgment, February 19, 2010, at 21-15).  Having reviewed much of the same evidence previously in conjunction with the motions for summary judgment and having sat through the trial and had the benefit of hearing the live testimony of the expert witnesses, the court is not persuaded that its earlier findings are incorrect or that defendants have shown by clear and convincing evidence that the meaning of the challenged term "the membrane" would not be clear to a person of skill in the art.

There is no dispute as to the law that applies and the court finds that to establish that a claim is indefinite, an accused infringer must "show by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." Halliburton Energy Servs., Inc. v. M-1 LLC, 514 F.3d 1244, 1244 (Fed. Cir. 2008). The definiteness of a claim term depends on whether that term can be given "any reasonable meaning." Datamize, LLC v. Plumtree Software, Inc., 417 F.3d 1342, 1347 (Fed. Cir. 2005). Moreover, a difficult issue of claim construction does not automatically result in a holding of indefiniteness. Id. "Only claims not amenable to construction or insolubly ambiguous are indefinite." Id. (quotation and citations omitted). And the mere fact that there may not be an explicit antecedent basis for the term does not render it indefinite. See Energizer Holdings Inc., v. Int'l Trade Comm'n, 435 F.3d 1366, 1370 (Fed. Cir. 2006) (citing Manual of Patent Examining Procedure § 2173.05(e) (8th ed. Rev. 2, May 2004)). Even lacking an explicit antecedent basis, a claim will not be indefinite "[i]f the scope of the claim would be reasonably ascertainable by those skilled in the art." Bose Corp. v. JBL, Inc., 274 F.3d 1354, 1359 (Fed. Cir. 2001), quoted in Energizer Holdings, 435 F.3d at 1370-71.

The parties are familiar with the claim language and with the evidence and argument in support of and in opposition to defendants' indefiniteness defense, so the court does not repeat them here. Each party relied on expert testimony, as well as the patent, to establish whether or not the meaning of claim term "the membrane" would be clear to a person skilled in the art. (See Plaintiffs' Proposed Findings of Fact and Conclusions of Law, at 1-4; Fresenius' Proposed Findings of Fact and Conclusions of Law regarding Indefiniteness of Claim 12 of the '547 Patent, at 7). Dr. Durgin testified for plaintiffs and Dr. Adrian testified for defendants. Both experts are well qualified to render an opinion on this subject and both are persons of skill in the art and the court could justifiably rely on either expert's opinion in resolving the indefiniteness issue.

However, having heard the testimony of both experts, the court does not find that Dr.

Adrian's testimony, and the evidence upon which he relied, was more persuasive than that of Dr. Durgin, and the evidence upon which he relied. Both provided equally credible interpretations of the claim language and the specifications. However, defendants bear the burden of proving their defense and by clear and convincing evidence, a relatively high standard. Additionally, the court is mindful that the '547 patent is entitled to a presumption of validity under 35 U.S.C. § 282. Further, the patent examiner allowed Claim 12 with the addition of the limitation that defendants now challenge and the examiner is entitled to a presumption that he did his duty and knew what claims he was allowing. See Al-Site Corp. v. VSI Intern., Inc., 174 F.3d 1308, 1323 (Fed. Cir. 1999).

The court finds, as it did on summary judgment, that when the piston moves through the aperture, the membrane that it contacts must be the second fluid receiving membrane because it is the membrane that is closest to the second chamber wall which contains the aperture through which the piston moves. Thus, "the membrane" as recited in Claim 12 refers to the second membrane, and is not indefinite. The court finds Claim 12 of the '547 patent is not invalid.

The parties shall meet and confer and submit a proposed judgment for the court's approval by August 12, 2010.

**IT IS SO ORDERED.**

Dated: August 6, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge