UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE CORPORATION, et al.,

    Plaintiffs,

    v.

FRESENIUS MEDICAL CARE HOLDINGS, INC., et al.,

    Defendants.

_____/

No. C 07-1359 PJH

**ORDER DENYING MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR A NEW TRIAL**

Plaintiffs' motion for judgment as a matter of law and motion for a new trial came on for hearing before this court on November 3, 2010. Plaintiffs appeared by their counsel David Callahan, Aaron Charfoos, and Maureen Toohey, and defendants appeared by their counsel Juanita Brooks and Michael Florey. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motions.

**BACKGROUND**

The above-entitled patent infringement action was tried to a jury for ten days in July 2010. On July 28, 2010, the jury reached a verdict, finding in favor of defendants Fresenius Medical Care Holdings, Inc., d/b/a Fresenius Medical Care North America, and Fresenius USA, Inc. ("Fresenius"). Judgment was entered on August 13, 2010.

Plaintiffs Baxter Healthcare Corporation, Baxter International, Inc., Baxter Healthcare SA, and DEKA Products Limited Partnership ("Baxter/DEKA") now seek judgment as a matter of law, pursuant to Federal Rule of Civil Procedure 50(b), or, in the alternative, a new trial pursuant to Federal Rule of Civil Procedure 59(a), on the issues of infringement and damages. Fresenius opposes the motions.

**DISCUSSION**

A.  Rule 50(b) Renewed Motion for Judgment as a Matter of Law

Baxter/DEKA argue that they are entitled to judgment as a matter of law that the Liberty Cycler infringes Claim 12 of the '547 patent; that they are entitled to judgment as a matter of law that the Liberty Cycler infringes Claim 1 of the '823 patent; and that they are entitled to judgment as a matter of law that the Liberty Cycler indirectly infringes Claim 1 of the '823 patent.

In patent infringement actions, the Federal Circuit "appl[ies] the standard of review for JMOL rulings used in the relevant circuit." Amgen Inc. v. F. Hoffman-La Roche Ltd., 580 F.3d 1340, 1352 (Fed. Cir. 2009); see also Enovsys LLC v. Nextel Commc'ns, Inc., 614 F.3d 1333, 1341 (Fed. Cir. 2010).

A jury verdict "must be upheld if it is supported by substantial evidence . . . even if it is also possible to draw a contrary conclusion." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002). The standard for summary judgment "mirrors" that for judgment as a matter of law. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The court must review all of the evidence in the record, and draw all reasonable inferences in favor of the nonmoving party. Reeves, 530 U.S. at 150; Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir. 2006). The court must not make credibility determinations or weigh evidence, as those functions are for the jury. Reeves, 530 U.S. 133 at 150; E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009).

A Rule 50(b) motion "is not a freestanding motion. Rather, it is a renewed Rule 50(a) motion." Go Daddy Software, 581 F.3d at 961. If a party makes a Rule 50(a) motion before the case is submitted to the jury, that party may renew its motion under Rule 50(b) if the jury returns a verdict against that party. Id. However, a party cannot raise arguments in a post-trial Rule 50(b) motion that it did not raise in its pre-verdict Rule 50(a) motion. Id.

The court finds that judgment as a matter of law is not warranted, and that the evidence may permit more than one reasonable conclusion. Viewing the evidence in the

light most favorable to Fresenius, the court cannot say that the jury had no basis for its verdict.  Every decision regarding infringement was supported by expert testimony, and the court found the expert testimony to be credible and entitled to weight.

First, based on the evidence, the jury could reasonably conclude that the Liberty Cycler's pump does not have either a separate "first chamber wall," or a "vacuum source operable to apply a vacuum between the membrane and the walls," or a "piston head having an external shape substantially similar to a mating internal shape of the first chamber wall," as required by Claim 12 of the '547 patent.

Second, based on the evidence, the jury could reasonably conclude that the Liberty Cycler does not "emulat[e] a selected gravity flow condition," as required by Claim 1 of the '823 patent; or that the Liberty does not apply fluid pressure to the diaphragm to operate the pump chamber.  Nor does the evidence reflect any divergence from the court's claim construction.

In addition, in light of the foregoing, plaintiffs are not entitled to judgment as a matter of law that Fresenius indirectly infringes Claim 1 of the '823 patent.

B.      Rule 59 Motion for a New Trial

Baxter/DEKA argue that they are entitled to a new trial because Fresenius presented legally improper claim construction arguments; because the jury's verdict of noninfringement was against the clear weight of the evidence; and because attorney misconduct, committed by Fresenius lead counsel, permeated the trial and severely prejudiced plaintiffs.

A court may grant a new trial "on some or all of the issues" after a jury trial, "for any reason for which a new trial has heretofore been granted in an action at law in federal court."  Fed. R. Civ. P. 59(a)(1).  Because "Rule 59 does not specify the grounds on which a motion for a new trial may be granted . . . ," courts are "bound by those grounds that have been historically recognized.  Zhang v. Am. Gem Seafoods, Inc., 339 F.3d 1020, 1035 (9th Cir. 2003).

The Ninth Circuit has held that the grounds on which a new trial may be granted

include (1) a verdict that is contrary to the weight of the evidence, (2) a verdict that is based on false or perjurious evidence, or (3) to prevent a miscarriage of justice. Molski v. M.J. Cable, Inc., 481 F.3d 724, 729 (9th Cir. 2007) (citation and quotation omitted). The U.S. Supreme Court has also recognized grounds for new trial if "the verdict is against the weight of the evidence, . . . the damages are excessive, or . . . for other reasons, the trial was not fair to the party moving." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940); Molski, 481 F.3d at 729. "The existence of substantial evidence does not . . . prevent the court from granting a motion for a new trial pursuant to Fed. R. Civ. P. 59 if the verdict is against the clear weight of the evidence." Landes Construction Co., Inc. v. Royal Bank of Canada, 833 F.2d 1365, 1371 (9th Cir. 1987).

Courts apply a lower standard of proof to motions for a new trial than they do to motions for JMOL. A verdict may be supported by substantial evidence, yet still be against the clear weight of evidence. Molski, 481 F.3d at 729. Unlike a motion for JMOL, in addressing a motion for a new trial, "[t]he judge can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." Id. (internal citations and quotation marks omitted). Instead, if, "having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed," then the motion should be granted. Id. at 1371-72. However, a motion for new trial should not be granted "simply because the court would have arrived at a different verdict." Pavao v. Pagay, 307 F.3d 915, 918 (9th Cir. 2002).

Erroneous jury instructions or a court's failure to give adequate instructions may also provide a basis for a new trial. Murphy v. City of Long Beach, 914 F.2d 183, 186-87 (9th Cir. 1990). If a party claims that an erroneous jury instruction was given, the erroneous instruction is not grounds for granting a new trial unless the error affects the essential fairness of the trial and a new trial is necessary to achieve substantial justice. Jazzabi v. Allstate Ins. Co., 278 F.3d 979, 985 n.24 (9th Cir. 2002); see also McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 553 (1984).

The court finds no basis for a new trial. Accordingly, the motion is DENIED. The court is not persuaded that Fresenius presented improper claim construction arguments, nor that the jury's verdict of noninfringement was against the clear weight of the evidence.

In addition, for the reasons stated at the hearing, the court finds no attorney misconduct sufficient to warrant a new trial. In the court's view, the trial was hard-fought, and attorneys on both sides were aggressive. As for the "extraneous statements," such statements (on both sides) simply reflected the competitive nature of the relationship between the parties.

**IT IS SO ORDERED.**

Dated: February 17, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge