UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BAXTER HEALTHCARE CORPORATION, et al.,

    Plaintiffs,

    v.

FRESENIUS MEDICAL CARE HOLDINGS, INC., et al.,

    Defendants.

No. C 07-1359 PJH

**ORDER DENYING MOTION FOR REVIEW OF CLERK'S TAXATION OF COSTS**

Before the court is the motion of plaintiffs and counter-defendants Baxter Healthcare Corporation, Baxter International, Inc., Baxter Healthcare SA, and DEKA Products Limited Partnership for review of the clerk's taxation of costs. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court DENIES the motion.

This patent infringement case was tried to a jury, which reached a verdict on July 28, 2010, in favor of defendants and counter-claimants Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America, and Fresenius USA, Inc. ("Fresenius"). Fresenius submitted a bill of costs on August 27, 2010, seeking to recoup $494,790.04 in costs. With its bill of costs, Fresenius submitted a declaration by its counsel Michael E. Florey, attaching a summary of the costs claimed in three categories (witness fees, exemplification and copies, and depositions), along with a summary of invoices submitted by various vendors in connection with document production costs. On September 10,

2010, Baxter and DEKA filed an opposition to the bill of costs.

On September 24, 2010, the clerk taxed the costs in the amount of $413,069.66 against plaintiffs. The clerk reduced the amount allowable for printed or electronically recorded transcripts obtained for use in the case, from $179,680.99, to $178,796.31, and reduced the amount allowable for fees for exemplification and costs of making copies, from $309,132.17, to $228,296.47. On October 1, 2010, plaintiffs filed the present motion for review of the clerk's taxation of costs.

28 U.S.C. § 1920 authorizes a judge or clerk of the district court to tax costs. Pursuant to Federal Rule of Civil Procedure 54(d), costs (other than attorney's fees) should be awarded to a prevailing party unless a statute, rule, or court order provides otherwise. Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, but it also imposes on the losing party the burden of showing why costs should not be awarded. Quan v. Computer Sciences Corp., 623 F.3d 870, 888 (9th Cir. 2010); Stanley v. University of So. Cal., 178 F.3d 1069, 1079 (9th Cir. 1999). Taxable costs are listed in 28 U.S.C. § 1920 as follows:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Civil Local Rule 54-3 provides additional standards for interpreting the costs allowed under § 1920. Upon motion for review of the clerk's taxation of costs, the clerk's actions may be reviewed by the court. Fed. R. Civ. P. 54(d)(1). The taxation of costs lies within the trial court's discretion. Assoc. of Mexican-American Educators v. California, 231 F.3d 572, 591 (9th Cir. 2000).

If the district court wishes to depart from the presumption in favor of awarding costs, it must "specify reasons" for doing so by explaining "why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." Id. at 591-93.

District courts may consider a variety of factors in determining whether to exercise their discretion to deny costs to the prevailing party. Id. at 592-93.

Plaintiffs make two main arguments in support of their motion. First, they contend that Fresenius did not prevail on the merits of the case, and is therefore not entitled to recover its costs. Second, they assert that Fresenius failed to prove that it is entitled to recover many of the claimed costs related to document production.

1. Whether Fresenius prevailed on the merits of the case

Plaintiffs contend that Fresenius is not entitled to costs because it was not the prevailing party. Plaintiffs argue that even though the jury found that Fresenius' Life-Cycler did not infringe two of the patents-in-suit, plaintiffs received a significant number of the benefits they sought in bringing the suit. Thus, they contend, Fresenius cannot be considered the prevailing party. Plaintiffs assert that where there is a "mixed judgment," and each party has some claims adjudicated in its favor, courts award partial costs. They argue that in this case, the court should require each party to bear its own costs.

In response, Fresenius argues that it is the sole prevailing party on the merits of the case, and disputes plaintiffs' characterization of the result of the case as a "mixed judgment." Fresenius notes that plaintiffs sued Fresenius for infringement of nine patents, seeking damages as well as an injunction to remove Fresenius' Life-Cycler from the market. By the time the case went to trial, plaintiffs had agreed for various reasons to drop the claims as to seven of the asserted patents, as well as certain claims from the remaining two patents. The jury returned a unanimous verdict of non-infringement as to the remaining claims, and the court entered a judgment that provided no relief to plaintiffs and did nothing to alter the legal relationship of the parties. For this reason, Fresenius contends, plaintiffs cannot be considered to have prevailed in any sense, and the Fresenius defendants are the sole prevailing parties.

A party prevails in the context of patent litigation when it receives at least some relief on the merits, which alters the legal relationship of the parties. Inland Steel Company v. LTV Steel Company, 364 F.3d 1318, 1320 (Fed. Cir. 2004); see also Millandra Milling Corp.

v. Ogilvie Mills, Inc., 76 F.3d 1178, 1182 (Fed. Cir. 1996) ("a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff"). In addition, "[w]hen a plaintiff succeeds only in overcoming a defense raised to the claims it sought in bringing suit, the plaintiff is not 'the prevailing party.'" Gentry Gallery v. Berkline Corp., 134 F.3d 1473, 1480 (Fed. Cir. 1998).

The court finds that Fresenius is the prevailing party. Plaintiffs did not obtain a judgment of infringement of any of their patents, and did not obtain the requested injunctive relief as a result of prevailing in any aspect of their case. The resolution of the issues in this case cannot be considered a "mixed judgment" in which each party had some claims adjudicated in its favor, as plaintiffs argue. Because Fresenius is the sole prevailing party, it is entitled to recover its statutory costs from plaintiffs.

2. Whether Fresenius proved it is entitled to recover the claimed costs

Second, plaintiffs assert that Fresenius failed to prove that it is entitled to recover many of the claimed costs related to document production. Recoverable costs are those listed in 28 U.S.C. § 1920, which includes "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

In its bill of costs, Fresenius sought $309,132.17 in exemplification and copy costs, with $297,202.00 of that amount attributed to document production. Of this, the clerk taxed $228,296.47, reflecting a reduction of $80,835.70 from Fresenius' claimed costs. The clerk rejected costs reflected in a number of invoices that were duplicative, and also rejected costs for telephone calls, document pick-up, and delivery fees.

Of the costs that were taxed, plaintiffs' objections are limited to costs associated with document production. Plaintiffs argue that "even with these reductions, Fresenius still has not provided adequate documentation sufficient to support its burden of proving that the remaining $216,366.30 document production costs are appropriate under the Local Civil Rules and this District's case law." They claim that "the [c]lerk taxed $216,366.30 in

4

document production costs that were clearly 'merely for the convenience of counsel,' were not part of Fresenius' electronic production to Baxter, duplicate other charges, or are untaxable 'add-on' and 'subsidiary' costs."

Plaintiffs assert that Fresenius should be required to specifically point out which items in its document production invoices are appropriately taxed as a cost, and should submit a bill of costs that excludes the various impermissible duplicates, charges for materials not provided to Baxter, and charges for extra add-on" services that are included in the current bill of costs but should not be (but which plaintiffs do not identify).

In opposition, Fresenius contends that it has satisfied its burden of specifying and providing documentation for each item claimed, as it summarized the costs and attached more than 200 pages of invoices separately identifying each document production charge for which it seeks compensation. Fresenius argues that it is up to plaintiffs to specify which costs it believes were improperly taxed.

Fresenius also notes that $228,296.47 is a reasonable cost for document production in a case of this size and complexity. In his declaration, Mr. Florey states that Fresenius' document production consisted of roughly 2.7 million pages. Thus, the amount initially sought by Fresenius ($297,202.00) averaged out to an equivalent of approximately $0.11 per page. The amount taxed by the clerk ($216,366.60) averages out to approximately $0.08 per page. Fresenius notes that courts routinely allow recovery of $0.10 to $0.15 per page. Thus, Fresenius asserts, the amount it seeks is also reasonable on that basis.

The court finds that the motion must be DENIED. The court agrees with Fresenius that it has met its burden of specifying the costs to be taxed and providing supporting documentation. Although plaintiffs assert in general terms that Fresenius failed to prove that $216,366.30 of the claimed document production costs were appropriately taxed, nowhere do plaintiffs provide a complete list of the costs they claim were improperly included in the bill of costs.

Instead, plaintiffs simply list sixteen invoices that they assert serve as "examples" of untaxable costs, with a brief explanation (duplicative, not received by plaintiffs, etc.). It

appears that at least some of the items identified by plaintiffs in the "example" invoices may have been improperly taxed. However, that is far from certain, as plaintiffs have not met their burden of identifying the precise costs to which they object and explaining exactly why those costs should be deducted from the total. In addition, they provide no support for their claim that Fresenius seeks compensation for copies that plaintiffs never received.

**IT IS SO ORDERED.**

Dated: September 2, 2011

PHYLLIS J. HAMILTON
United States District Judge